## GRAHAM V. SELBIE.

1. Where an action was tried on the theory that there was a resulting trust in realty purchased with plaintiff's money, it cannot be first urged on appeal that the transaction was a partnership venture, by which each party acquired an interest in the property.

2. Where minor heirs are parties defendant to an action to establish a resulting trust against their ancestor's estate, their rights can be affected only by a judgment supported by evidence, though other defendants admit the allegations of the complaint. CORSON, P. J., dissenting.

(Opinion filed March. 8, 1898.)

On rehearing.

This case was first decided in an opinion filed June 17, 1896, and reported in 8 S. D. 604, 67 N. W. 831. Upon this rehearing the former decision is adhered to and the judgment affirmed.

*Edwin Van Cise*, for appellants.

*Martin & Mason*, for respondent.

HANEY, J. The issues involved in this appeal are fully stated in the former decision of this court wherein the judgment of the circuit court was affirmed; CORSON, P. J., dissenting. 8 S. D. 604, 67 N. W. 831. A careful re-examination of the record, aided by the able and exhaustive argument of counsel, has led a majority of the court to adhere to the views expressed in its former opinion. As suggested therein, it is probable that the transaction, as between plaintiff and Miller. might have been regarded as a joint or partnership venture, by which each of the parties acquired an interest in the premises in controversy, which interests might have been ascertained by a court of equity, in an action based on proper pleadings; but such theory was not presented to the court below, and cannot be advanced for the first time in this court. Noyes v. Brace, 9 S. D. 603; 70 N. W. 846.

It is urged by appellant that, whereas, the trustees named in Miller's will admit the allegations of the complaint, and it

does not appear that there are any creditors of decedent's estate, the administrator cannot be heard in opposition to the establishment of a resulting trust as prayed by plaintiff.   Were these the only parties interested in the litigation, there would be much force to this contention; but the record discloses the existence of minor heirs, who are incapable of consenting, and whose rights in the premises can be affected only by a judgment supported by evidence sufficient to sustain the allegations of the complaint.   If plaintiff shall ultimately suffer any substantial loss by reason of the determination of this action, no one is at fault except himself.   One who desires to protect his property from the claims of others should see that the title thereto is taken in his own name.   The judgment of the circuit court is affirmed.

CORSON, P. J., dissenting.

