## SELBIE v. GRAHAM.

The judgment dismissing the complaint in an action by G. against the administrator of M. for land, based on the claim that G. was the owner of the entire property, which was bought and title to which was taken in the name of M. does not estop G. in an action against him by M.'s administrator for the recovery and use of the property from setting up the equitable defense that he was a joint owner of the land with M., the causes of action of G. in the two actions being different, and it not affirmatively appearing that there was a determination in the first action that G. had no interest in the land; a ground urged in the first action for the dismissal of the complaint, and which existed and warranted the dismissal, being a variance between the pleading and proof.

(Opinion filed August 31, 1904.)

Appeal from circuit court, Lawrence county; Hon. Joseph B. Moore, Judge.

Action by William Selbie, administrator of James K. P. Miller, deceased, against Charles H. Graham and another. Judgment for plaintiff. Defendant Graham appeals. Reversed.

*Edwin Van Cise,* for appellants.

It must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined—that is, if the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties.

It is not enough even that it appears that the issue presented in the latter suit was presented and ought to have been litigated in the former, but it must appear further that it was litigated and decided, as well as involved. Pitts et al. v. Oliver, 13 S. D. 561, 569; Fahey v. Esterly Mach. Co., 3 N. D. 220; Col. O. & Land Co. v. Warden, 85 Fed. Rep. 94; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683; Hughes v. U. S., 4 Wall. 232; Un. M. & M. Co. v. Dangberg et al., 81 Fed. 73, 116; Snyder's Ads. v. McComb's Ex'x, 39 Fed. 292, 299; Kelly v. Town of Milan, 21 Fed. Rep. 842, 863; E. S. M. Co. L. v. E. S. M. Co. of N. Y., 7 Fed. 401; Taylor v. Matteson, 56 N. W. Rep. 829; Anderson et al. v. Kreidler et al., 76 N. W. Rep. 581; Lindley v. Snell, 45 N. W. Rep. 726; Weiss et al. v. Gurrineau, 9 N. E. Rep. 399; Lundy et al. v. Mason, 51 N. E. Rep. 614; Radley v. O'Leary, 30 N. W. Rep. 457; Muffley v. Turner, 40 N. E. Rep. 913; W. S. & S. Co. v. L. & W. R. Co., 53 Pac. 386; Long v. Eisenbeis, 56 Pac. Rep. 933; Parks v. Libby, 37 Atl.

Rep. 357; Priest v. Foster et al., 38 Atl. Rep. 78; Schwan v. Kelly, 173 Pa. St. 65; Green v. Iredell et al., 10 S. E. Rep. 545; Converse et al. v. Davis et al., 39 S. W. R. 277; Webb v. Hunt, 53 S. W. Rep. 437.

If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of action, or a want of jurisdiction, or because suit was prematurely brought, the judgment rendered will not be a bar to another suit.    Howard v. City of Huron et al., 6 S. D. 180; Pitts v. Oliver, 13 S. D. 569; Taylor v. Neys et al., 11 S. D. 605; Dewey v. Fielder, 11 S. D. 632; Hughes v. U. S., 4 Wall. 232; Man. Life Ins. Co. v. Broughton, 109 U. S. 121; Gardner v. M. C. R. R. Co., 150 U. S. 349; Hammergen v. Schurmeier, 3 Fed. Rep. 77; Lindvall v. Woods, 47 Fed. Rep. 195; Clark v. Bern. Matt. Co., 82 Fed. Rep. 339; Holland v. Hatch, 15 Oh. St. 464; Wilch v. Phelps, 20 N. W. Rep. 840; Wood v. Faut, 20 N. W. Rep. 897; Augir v. Ryan, 65 N. W. Rep. 640; Gates v. Parmley et al., 66 N. W. 253; Hart v. Bank, 71 N. W. Rep. 40; Beckett v. Stone, 36 Atl. Rep. 880; Standish v. Babcock et ux., 29 Atl. 327; Maloney v. Nelson, 39 N. Y. Suppt. 930; Krapp v. Eldridge, 5 Pac. Rep. 372; Hendricks v. Clouts, 17 S. E. Rep. 119; Henry v. O. R. R. Co., 21 S. E. 363; Thomas v. Bland, 14 S. W. Rep. 955; Mills Co. v. Brown Co., 30 S. W. 476; Brainerd v. Bute et al., 44 S. W. 575; Weinberger v. M. M. Ins. Co., 5 Sou. 728.

*Martin & Mason*, for respondent.

An order dismissing a case is a final judgment.   Heegard v. Dakota Loan & Trust Co., 3 S. D. 569.

All facts submitted to the court for decision are res judicata, and this is true whether they are presented by mo-

tion or submitted upon trial of the cause. Weber v. Tschetler, 1 S. D. 205; Linader v. Longstaff, 7 S. D. 157; Howard v. City of Huron, 6 S. D.. 180.

A dismissal of an action at law, or in equity, is upon the merits, and a bar to further controversy, unless it be qualified by the words "without prejudice," or of like import. 21 Enc. of Law pp. 272, 273, and note; 2 Black on Judgments, Secs. 712, 720; and 722; Thomas v. Josyln, 29 N. W. Rep. 344, 345; Boom v. St. Paul F. & M. Co., 33 Minn. 256; Durant v. Essex Co., 7 Wall. 107, 109; Case v. Beauregard, 101 U. S. 688; Bissell v. Spring Valley Twp., 8 Sup. Ct. 495; Lyon v. Perin and G. M. Co., 8 Sup. Ct. Rep. 1024, 1026; Hubbell v. U. S., 18 Sup. Ct. Rep. 828; Howard v. City of Huron, 6 S. D. 180, 184; Seekler v. Delfs, 25 Kan. 159; Knowlton v. Hanbury, 5 N. E. Rep. 581; Stickney v. Goudy, 23 N. E. Rep. 1034; Thurston v. Thurston, 99 Mass. 39; Rogers v. Rogers, 16 S. E. Rep. 634; Watson v. Watson, 31 S. E. Rep. 939.

All questions and issues involved in one action are res judicata in any other proceeding between the same parties or their privies. Jones v. Dipert, 23 N. E. Rep. 944-5; Aultman v. Mount, 62 Iowa 674; Lewis v. Lewis, 106 Mass. 309; Adams v. Cameron, 40 Mich. 506; 2 Black on Judgments, Secs. 504, 506, 508, 610, 614, 616.

When the cause of action is the same the judgment is conclusive upon all issues that might have been litigated—and where the cause of action is different, the former action is a bar to all issues that were either plead or litigated. Noyes v. Belding, 6 S. D. 629, 631; Howard v. City of Huron, 6 S. D. 180, 183, 184, 185; Bode v. Investment Co., 6 Dak. 499; Stickney v. Goudy, 23 N. E. 1034; Rogers v. Rogers, 16 S. E. Rep.

633; Cromwell v. County of Sac, 94 U. S. 351; 2 Black on Judgments, Sec. 504; Cromwell v. County of Sac, 94 U. S. 352.

HANEY, J.    James K. P. Miller died January 13, 1891, leaving a will, by which he devised all his property to William H. Swift, Joseph Swift, and E. B. Beecher, in trust for certain purposes.    They qualified as executors.    Subsequently the plaintiff in this action succeeded them as administrator.    Debts have been proven against Miller's estate to the amount of about $150,000.    His estate is insolvent, and, even if anything should be obtained from this litigation, there would not be sufficient property to satisfy the debts.    When Miller died the records showed him to be the owner of certain lots in the city of Deadwood.    After plaintiff's appointment, defendants Graham and Treber brought an action against him as administrator; the above named trustees, the heirs at law, and others interested in the estate alleging that the property involved in the present action was purchased by Miller with funds belonging to Graham, on the latter's account, and pursuant to his instructions; that title thereto was taken by Miller in his own name with intent to convey the same to Graham; that by virtue of the facts stated in the complaint, "and the law in such cases made and provided, a trust resulted in favor of Graham in the property"; and that he was entitled to a deed thereof. Wherefore they prayed that it be decreed that the property was purchased as alleged; that the administrator be required to convey to Graham or to Treber, his grantee; that all persons interested in the estate be declared to have no right, title, or interest therein; and that title be quieted in Graham for the use of his grantee or in such grantee directly.    The trustees

18 S. D.—24

admitted the allegations of the complaint, and averred their
willingness to quitclaim the premises.    The guardian of cer-
tain minor heirs denied the allegations of the complaint, de-
manding strict proof on behalf of his wards.    The administra-
tor, in effect, admitted the death of Miller and his having the
legal title, denied all other allegations of the complaint, and
alleged, by way of counterclaim, that the estate was insolvent,
and that the property in controversy was needed to satisfy
proven debts.    Plaintiff's demurrer to the counterclaim having
been sustained, and the cause tried without a jury, the admin-
istrator, at the close of plaintiff's testimony, ''moved the court
to dismiss the complaint and cause of action in this case upon
the ground that the issues in the complaint are not established
by the evidence, but, on the contrary, it is established by the
plaintiff's evidence that the relation between James K. P. Mil-
ler and the plaintiff, Charles H. Graham, was that of debtor
and creditor; that he paid interest upon $2,000 borrowed of Mr.
Graham, and has repaid the principal before his death; and
that both principal and interest have been accepted by the
the plaintiff during the lifetime of Mr. Miller."    The motion
was granted, and the following judgment entered:    ''This
cause coming on regularly for trial before the above-entitled
court, without a jury, at a regular term of said court held in
Deadwood, Lawrence county, South Dakota, on the 17th day of
September, 1894, Edwin Van Cise appearing as attorney for
the plaintiffs, and Martin & Mason appearing as attorneys for
the defendant William Selbie, as administrator of the estate of
James K. P. Miller, deceased, and the other defendants having
answered to the case, and the plaintiffs by their counsel,
having    introduced    their    proofs,    and    having    rested

their case, and thereupon the defendant William Sel-
bie, as administrator, by his counsel, having moved the
court to dismiss the complaint and the plaintiffs cause of ac-
tion upon the ground that the proofs introduced by the plain-
tiffs did not establish the cause of action set forth in the com-
plaint, or any other cause of action, in favor of the plaintiffs or
either of them, and against the said defendant or
either of the defendants; and that the proofs intro-
duced by the plaintiffs showed that the plaintiffs were
not entitled to the relief demanded, but that, on the contrary,
the relation of debtor and creditor existed between James
K. P. Miller, now deceased, and the plaintiff Charles H. Gra-
ham, in relation to the money referred to in the plaintiff's com-
plaint; and that the moneys so advanced were fully repaid,
with interest, by the said Miller, to the plaintiff Charles H.
Graham, during the lifetime of the said James K. P. Miller;
and the court being fully advised, and having granted and sus-
tained the said motion to dismiss, and an order of dismissal
having thereupon been duly and regularly entered, and judg-
ment ordered to be entered accordingly: Now, on
motion of Martin & Mason, attorneys for William
Selbie, as administrator of the estate of James K. P. Miller,
deceased, defendant, the court being fully advised, it is hereby
ordered, considered and adjudged, that the plaintiffs' complaint
and cause of action be, and the same is hereby, dismissed. It
is further ordered, considered, and adjudged that the defend-
ant William Selbie, as administrator of the estate of James K.
P. Miller, deceased, have and recover of the plaintiffs, Charles
H. Graham and John Treber, his costs and disbursements, *
* * to be taxed and inserted herein according to law." An-

372          SELBIE v. GRAHAM.

other action involving the same issues with respect to other realty having been disposed of in the same manner, and plaintiffs' application for a new trial in each case denied, appeals were taken to this court, where the judgments of the circuit court were affirmed. Graham v. Selbie, 8 S. D. C05, 67 N. W. 831; Id., 10 S. D. 546, 74 N. W. 439; Graham v. Selbie, 8 S. D. 616, 67 N. W. 1151; Id., 10 S. D. 547, 74 N. W. 450. The present action was begun in 1894, but was not tried until January, 1900. In it the administrator alleges that Miller during his lifetime, was the owner, in possession, and entitled to the possession of the premises in controversy; that on or about August 3, 1891, the defendants wrongfully took possession thereof, and have since retained possession thereof; that the value of the use and occupancy of the premises is $100 per month since that date; that Miller, at the time of his death, left debts and liabilites to the amount of about $150,000; that his estate is insolvent, and that the property and the rents and profits thereof are required to pay such debts. Wherefore he demands judgment for possession of the property, and for the value of its use and occupation at $100 per month since August 3, 1891. After making certain admissions and denials, defendant Graham interposes as an equitable defense that he and Miller were joint and equal owners of the property, though the apparent legal title to the whole thereof stood in Miller's name at the time of his death, and asks to have his rights ascertained, and established. He also pleads certain matters on behalf of Treber, his grantee, and asks relief on his behalf regarding valuable improvements made by the latter on the premises in dispute. This action having also been tried without a jury, the court rendered its decision, and entered judgment in favor of the plaintiff, from which defendant Graham appealed.

The decision of the learned circuit court contains an exhaustive statement of facts, to which no exceptions are taken, and the following among other conclusions of law: "(1) The title to the real property, lots 43, 44, 45, and 46, in block 30, Deadwood, was acquired from the owners in the name of James K. P. Miller in trust for himself and the defendant Charles H. Graham as a joint or partnership venture, in which each acquired an interest in the premises, and were to divide the profits equally after returning the principal invested therein to Charles H. Graham, with interest on the half thereof at the rate of ten per cent. per annum, and deducting the expenses, upon the same terms and conditions as set out in the contract regarding the Merrick lots. Mr. Miller held the naked legal title at the time of his death, but in trust for himself and Charles H. Graham in equal shares, without any intentional fraud or wrong on his part. (2) The controversy in this action having arisen, however, from the same transaction upon which the former action of Charles H. Graham and John Treber against William Selbie, as administrator, etc., et. al., was based, although there presented and pleaded as a resulting trust, which was held by the trial court and the Supreme Court to be an improper theory, the judgment dismissing the complaint in that action, Nov. 17, 1894, afterward affirmed by the Supreme Court, is an adjudication of the matters in controversy, and a bar to defendant Graham's defense here, and precludes his right to an accounting in this action or the recognition of his joint or partnership interest at this time." Was the circuit court's second conclusion of law erroneous? A judgment, if rendered upon the merits, is a finality as to the claim or demand in controversy, concluding parties and those in privity

with them, not only as to every matter which is offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But, when the second action between the parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to matters in issue or controverted, upon the determination of which the findings or verdict was rendered. It is not enough, even, that it appears that the issue presented in the latter suit was presented and ought to have been litigated in the former, but it must appear further that it was litigated and decided as well as involved. Howard v. City of Huron, 6 S. D. 180, 60 N. W. 803; Pitts v. Oliver, 13 S. D. 561, 83 N. W. 591, 79 Am. St. Rep. 907. The difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action is thus stated by the Supreme Court of the United States: ''In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered; such as forgery, want of consideration, or payment. If such defenses were not presented in the

action and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." Cromwell v. County, 94 U. S. 351, 24 L. Ed. 195. The substance of Graham's claim in the former action was that Miller purchased certain real property with Graham's funds, intending to convey the same to him; that he (Graham) was in equity the sole owner of the premises. In the present action Graham claims the title to the property was acquired of its owners in Miller's name in trust for himself and Graham, as a joint venture in

which each had an interest; that at the time of his death Miller held the naked legal title in trust for himself and Graham in equal shares; and that in equity he (Graham) owns an undivided interest therein. In the former action Graham claimed to be the owner of the entire property. In this he claims to have had an interest in it when Miller died. It was decided on the former appeal that the facts alleged as a defense in the present action, though proven on the former trial, entitled Graham to no relief because no case was proven consistent with the case made by the complaint, this court (CORSON, J., dissenting) using the following language on rehearing: "A careful re-examination of the record, aided by the able and exhaustive argument of counsel, has led a majority of the court to adhere to the views expressed in its former opinion. As suggested therein it is probable that the transaction, as between plaintiff and Miller, might have been regarded as a joint or partnership venture, by which each of the parties acquired an interest in the premises in controversy, which interests might have been ascertained by a court of equity in an action based on proper pleadings; but such theory was not presented to the court below, and cannot be advanced for the first time in this court. Noyes v. Brace, 9 S. D. 603, 70 N. W. 846." Graham v. Selbie, 8 S. D. 604, 67 N. W. 831; Id., 10 S. D. 546, 74 N. W. 439. If the claim or cause of action now interposed by Graham was not within the allegations of his complaint in the former suit, and such is the law of that case, it necessarily follows that we are not now dealing with the same claim or cause of action, and that the former judgment operates as an estoppel only as to such issues as were actually litigated and determined in the former action. There is certainly a difference be-

tween sole ownership and an undivided interest. If one has no interest he cannot be the sole owner, but one may not be the sole owner and still have an interest. It may have been determined by the former judgment that Graham was not the sole owner of the property in controversy, but it was not thereby actually determined that he had no interest in it. Where a party seeks to avail himself of a former judgment as conclusive evidence, or as a bar to a subsequent action, he must affirmatively show that the question which precludes relief in the second action was determined by the former one. Reynolds v. Life Ins. Co. (N. Y.), 55 N. E. 305. In the former action here pleaded in bar this court merely decided that there was a material variance between the pleading and proof. Nothing more affirmatively appears to have been determined by the trial court. It is true, another reason was assigned for the motion to dismiss, but the record does not disclose upon what ground it was granted. The lower court may or may not have been satisfied that the relation between Miller and Graham was that of debtor and creditor. A finding on that issue was not necessarily involved in ruling on the motion to dismiss, and as it does not affirmative appear to have been considered by the trial court, we are not at liberty to infer that it was actually determined. Reynolds v. Life Ins. Co., supra. So we say, assuming there was a former judgment upon the merits, that nothing was actually determined thereby except that Graham was not the sole owner of the property, and that he is not estopped from asserting an undivided interest therein as a defense in the present action.

It may be thought that, if Graham was entitled to any relief upon the facts proved on the former trial, he should have

been granted such relief either in the court below or on appeal. The somewhat peculiar result of that litigation, and the difficulty of reaching a satisfactory disposition of the present case, are due in large measure to improper methods of procedure. It will have been observed that the judgment now pleaded as an estoppel is predicated upon a motion to dismiss, interposed by the defendant at the close of plaintiff's testimony. Such motion should not have been entertained. If defendants desired to offer no testimony, the cause should have been submitted on the plaintiff's evidence, and the court should have filed its dicision in writing, stating the facts found and its conclusions of law separately. Rev. Code Civ. Proc. 1903, §§ 276, 277. But as this irregularity was not suggested by the plaintiff, this court did not feel at liberty to reverse the lower court for a reason not urged by the appellant, and its ruling on the motion to dismiss was sustained. Had this court been dealing with a decision containing the facts established by the evidence —had it been dealing with the merits of the controversy in place of a mere question of procedure—the result might have been different. In any event, the effect of an affirmance would have been decidedly different. Substance should never be sacrificed to form. When avoidable, the enforcement of substantial rights should not be defeated by mere technicalities or the mistakes of counsel. It now clearly appears that a state of facts exists which entitles Graham to substantial relief; that the same state of facts was shown to exist on the former trial; and that he was denied relief, not for the want of proven facts, but because of an insufficient pleading. Clearly, there has been no adjudication of his rights upon their merits, and it is extremely doubtful whether the former judgment should be

regarded as one upon the merits within the rules relating to res adjudicata. But, assuming it should be so regarded, we cannot, for the reasons heretofore stated, escape the conviction that the learned circuit court erred in its second conclusion of law. Its judgment is reversed.