## BRUCE v. WANZER.

Under Rev. Code Civ. Proc. § 533, declaring a certified copy of the record of a written instrument which is acknowledged or witnessed and duly recorded, or a certified copy of such an instrument duly filed for record, admissible in evidence without further proof, a certified copy of an acknowledged and duly recorded mortgage is admissible in evidence.

In a suit to foreclose a mortgage, a deposition of the original

mortgagor, stating that there has been exhibited to him a purported certified copy of a mortgage and that he executed such a mortgage and the note described therein, is sufficient in the absence of evidence to the contrary, and in view of Rev. Code Civ. Proc. § 533, making certified copies of duly acknowledged and recorded instruments admissible in evidence, to justify a finding that the mortgage was executed by the mortgagor and that his purported signature thereto is genuine.

In a suit to foreclose a mortgage, the admission in evidence of the original note and mortgage, after a certified copy of the mortgage had been admitted, was within the sound discretion of the trial court.

A contention that the judgment was for a greater amount than that prayed for in the complaint is not before the Supreme Court for review, where the judgment was not a default judgment and was entered after trial, and the question was not raised in the lower court either at the trial or on a motion for a new trial.

A contention that the action is barred by limitations is not before the Supreme Court for review, where it does not affirmatively appear from the record when the action was commenced, nor that the limitation period lapsed before the commencement of the action.

The 6-year limitation does not apply to an action to foreclose a mortgage, and such an action can only be barred by the 10-year statute.

Sess. Laws 1897, p. 251, c. 96, requiring a mortgagee or assignee of a real estate mortgage to file with the register of deeds a statement showing his name and postoffice address, and declaring that no interest shall become due and collectible by the mortgagee or owner of the mortgage until the statute is complied with, merely suspends the right of the mortgagee or assignee to collect interest until the address is filed with the register of deeds, and a failure to so file the address does not constitute a forfeiture of the interest which accrues up to the time that the address is filed.

(Opinion filed, November 29, 1905.)

Appeal from Circuit Court, Douglas County.    Hon. E. G. SMITH, Judge.

Action by Edmund A. Bruce against Edwin P. Wanzer. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*E. P. Wanzer*, for appellant.    *R. B. Tripp* and *C. H. Dillon*, for respondent.

CORSON, J. This is an appeal by the defendant from a decree of foreclosure of real estate mortgage and from an order denying a new trial. The complaint was in the usual form. The defendant in his answer to the complaint denies each and every al-

legation contained therein not thereinafter specifically admitted, and aleges that he has no knowledge or information as to whether Fred E. Summers made, executed, and delivered the note for $750, as set out in the complaint, sufficient to justify a belief, and therefore denies the same. The defendant denies that there is now due and owing to the plaintiff the sum of $750, with interest thereon at 8 per cent. per annum from the 15th day of December, 1888, or any other sum whatever. The defendant further sets up as a defense the 6-year statute of limitations and also the 10-year statute of limitations, and alleges that the address of the mortgagee named in said mortgage or of the assignee in said mortgage was never filed in the office of the register of deeds in and for Douglas county until the 26th day of April, 1902. The case was tried to the court without a jury, and the court found in substance that on the 15th day of December, 1887, one Fred E. Summers made, executed, and delivered, for value received, a certain promissory note to Harry Rickards in the sum of $750, and that to secure the payment of the same he, on the same day, executed a mortgage upon the property situated in Douglas county; that the said mortgage was duly acknowledged and recorded; that thereafter, on the 20th day of November, 1901, the said Rickards sold, assigned, and transferred the said mortgage, given with the note secured thereby, to the plaintiff; that on the 18th day of May, 1896, the said Summers conveyed, by deed of conveyance, the property so mortgaged to one Alfred W. Thomas, who thereafter conveyed the same to the defendant herein; that there is now due on said note the sum of $1,804.50, which is due and wholly unpaid, and that the plaintiff is now the owner and holder of the said indebtedness and mortgage; that in the month of November, 1889, the said defendant removed from this state and went to the state of Oregon and took up his permanent residence therein, and has ever since said date been and remained out of the state of South Dakota, and has not at any time since said date returned to this state; that the address of the mortgagee named in said mortgage or of the assignee of said mortgage was never filed in the office of the register of deeds in and for Douglas county until the 20th day of April, 1902. From these findings the court concludes that there is now due the plaintiff the amount above stated,

and that he is therefore entitled to a decree of foreclosure.

On the trial the plaintiff, to maintain his action, offered in evidence deposition of Fred E. Summers, to which offer the defendant objected, for the reason that the evidence therein contained is incompetent and irrelevant. This objection was overruled and defendant excepted, and appellant now contends that this deposition was incompetent for the reason that the instrument testified to by Summers purported to be a certified copy of the mortgage, and not the mortgae itself, and that therefore his testimony was not sufficient to prove the genuineness of his signature to the mortgage described in the complaint. It appears from the examination of the deposition that the witness testified as follows: "There has been exhibited to me what purports to be a certified copy of a mortgage executed by me to one Harry Rickards. * * * That I did on the 15th day of December, 1887, execute to said Rickards a mortgage of which this is a copy, and I also executed to him a note for $750, described in said mortgage." The certified copy of the mortgage was annexed to the deposition, and is made a part thereof and markcd "Exhibit A" by the notary taking the deposition. We are clearly of the opinion that this objection was untenable, and that the evidence was prima facie sufficient to prove the execution of the mortgage and note by said Summers. It will be observed that he states in his deposition that on the 15th day of December, 1887, he executed to the said Rickards a mortgage of which the one before him was a copy, and also executed to said Rickards a note for the sum mentioned. The mortgage being an acknowledged and duly recorded instrument, a certified copy thereof was admissible in evidence under the provisions of section 533, Rev. Code Civ. Proc., which reads as follows: "Every instrument in writing which is acknowledged or witnessed and duly recorded or duly filed for record, and such record, or a certified copy of such record, or a certified copy of such filed instrument duly certified by the proper custodian of the record or instrument is admissible in evidence without further proof." No evidence being offered on the part of the defendant that the mortgage set out in the complaint was not executed by the said Summers, we think the court was fully justified in finding that the same was duly executed by the said Sum-

mers and that his purported signature thereto was genuine, in the absence of any conflicting evidence.  Subsequently, on motion, the original note and mortgage were admitted in evidence.  This proceeding was objected to by the defendant, but it was clearly within the sound judicial discretion of the trial court, and, it not appearing that there was any abuse of such discretion, we are of the opinion that the court committed no error in permitting the original note and mortgage to be introduced in evidence.

The appellant also contends that the judgment was for a greater amount than that prayed for in the plaintiff's complaint, but as this point was not raised in the court below, either at the trial or on a motion for a new trial, it is not properly before us for review, as the judgment was not a default judgment, and was entered after a trial of the action.  Had the attention of the court been called to the point, it would undoubtedly have permitted the plaintiff to amend his complaint to correspond with the facts proven.

It is further contended by the appellant that the action was barred by the statute of limitations; but, as it does not affirmatively appear from the record when the action was commenced, that question is not properly before the court, as it does not affirmatively appear that more than 10 years had elapsed after the cause of action accrued and before the commencement of the action.  But clearly in the case at bar the 6-year statute of limitations does not apply, and it can only be barred by the 10-year statute.  Alexander v. Ransome, 16 S. D. 302, 92 N. W. 418.

And, lastly, it is contended by the appellant that no interest was due and collectable from July 1, 1897, to April, 1902, for the reason that the address of the mortgagee or assignee had not been filed with the register of deeds, as required by the provisions of chapter 96, p. 251, Sess. Laws 1897.  But in our view this contention is not tenable, for the reason that the right to collect interest is only suspended and the interest itself is not forfeited.  By section 3 it is provided: "No interest shall become due and collectable by the mortgagee or owner of any mortgage upon any real estate in the state of South Dakota until the provisions of sections one and two have been complied with."  And by section 1 it is provided: "The mortgagee of every real estate mortgage shall state therein his post-

office address before recording the same." Section 2 provides: "Every assignee or other owner or holder of any real estate mortgage shall, within thirty days after becoming the owner thereof, or within thirty days after the taking effect of this act, file with the register of deeds of the county where such mortgage is recorded, a statement showing the page and volume where such mortgage is recorded and his name and post-office address, and it shall be the duty of the register of deeds of any such county to so enter the address upon the margin of the record of any such mortgage when filed." The evident purpose and object of the statute was to require the mortgagee or assignee to file with the register of deeds his postoffice address in order that the mortgagor might be enabled to know the person to whom he is required to pay the interest, and the right of the mortgagee or assignee to collect the interest is only suspended until the address is filed with the register of deeds. But in our opinion it was not the intention of the Legislature to forfeit all interest that might accrue during the time intervening between the execution of the assignment and the time that such address of the assignee is filed with the register of deeds. It affirmatively appears by the record in this case that the address of the assignee of the mortgage was filed with the register of deeds in April, 1902, and, the law having been complied with before the trial by the assignee, he was entitled to have included in the judgment all the interest specified in the note and mortgage, and the court was right, therefore, in including such interest in the decree of foreclosure.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.