MOSTELLER v. HOLBORN (GUNDERSON, Intervener.)

Under the express provisions of Rev. Civ. Code, § 2038, the wrongful conversion of personal property by one holding a lien thereon extinguishes the lien.

Plaintiff purchased cattle of defendant, giving her note for the purchase price, secured by a mortgage on the cattle. Later one asserting ownership by purchase from plaintiff subject to the mortgaged

indebtedness sold the property to defendant, who afterwards disposed of it without foreclosing the mortgage. Plaintiff then sued defendant for conversion of the property, alleging that she was the head of a family, and as such entitled to claim her exemption out of the property. Defendant admitted that she was the head of a family, but denieid her right to exemptions. The only question litigated was whether plaintiff owned the property when it was appropriated by defendant, and the judgment which was in plaintiff's favor was silent as to exemptions. **Held**, that the judgment was not res adjudicata as to plaintiff's exemptions, and hence was not of itself sufficient to defeat defendant's application to reduce his liability as a judgment debtor by setting off pro tanto a judgment recovered by him against plaintiff for the purchase price of the property.

Where two actions between the same parties are on different demands, the general verdicts and final judgments entered therein operate as an estoppel only as to material facts in issue that were necessarily considered by the jury, and whose legal effect was determined by the court.

Rev. Code Civ. Proc. § 362, as amended by Laws 1903, p. 158, c. 139, provides that no exemptions shall be allowed against an attachment or execution for the purchase money of property claimed to be exempt, and on which such attachment or execution is levied. Plaintiff, a mortgagor, recovered judgment against defendant mortgagee for wrongful conversion of the mortgaged property, and thereafter defendant recovered judgment agaist plaintiff on the mortgage notes which were given for the purchase price of the property. **Held**, the plaintiff was entitled to no exemptions as against defendant's judgment, and that the judgments could be set off against each other.

Rev. Pol. Code, § 702, provides that any person interested may release an attorney's lien on a judgment by executing a bond in a sum double the amount claimed, or in such sum as may be fixed by a judge, payable to the attorney, conditioned to pay the amount finally due the attorney for his services which amount may be ascertained by suit on the bond. In an action by a mortgagor against a mortgagee for wrongful conversion of the mortgaged property plaintiff recovered judgment. Defendant then recovered judgment against plaintiff on the mortgage notes which were given for the purchase price of the property, and made application to set his judgment off pro tanto against plaintiff's judgment. The application was resisted on the ground that plaintiff's attorney who intervened had a prior lien on plaintiff's judgment for attorney's fees. From the inception of the litigation intervener was advised of all the equities in favor of defendant, and knew when he filed his lien of plaintiff's insolvency. **Held**, that an order requiring defendant to pay into court the apparent amount of plaintiff's interest in her judgment less intervener's attorney fees, such sum to be held by the clerk until the production of a satisfaction of that amount of plaintiff's judgment and a further

release by intervener of that amount of his lien, said sum to be thereupon paid intervener, and further requiring defendant to deliver to intervener a bond conditioned to pay intervener any further sum found due intervener on account of his lien for attorney's fees in an action for that purpose, and directing that on the delivery of the bond the balance of plaintiff's judgment be set off against defendant's judgment—was authorized.

(Opinion filed, January 7, 1908.)

Appeal from Circuit Court, Hughes County. Hon. LORING E. GAFFY, Judge.

Action by Olive Mosteller against James Holborn (Albert Gunderson, intervener). From an order granting partial relief on application to set off mutual judgments, plaintiff and intervener appeal. Affirmed.

See 20 S. D. 545, 108 N. W. 13.

*Albert Gunderson,* for appellants. *John A. Holmes,* for respondent.

FULLER, P. J. The determination of this appeal from an order granting partial relief on application to set off mutual judgments requires the consideration of the following antecedent facts and circumstances shown by the evidence and found by the trial court: On the 4th day of November, 1901, appellant Mosteller gave respondent, Holborn, a mortgage on certain horses to secure a loan of $220, evidenced by her promissory note of even date, due in one year, and on the 28th day of August, 1902, he sold and delivered to her a drove of cattle for $1,240, and took her promissory note for the entire purchase price, secured by a first mortgage on that property and a second mortgage on the horses above mentioned. During the winter of 1903 and 1904 these cattle and horses were all kept by L. A. Zimmerman, who asserted ownership by purchase from appellant Mosteller, subject to the mortgaged indebtedness, and in April following he undertook to sell and did actually deliver them all to respondent Holborn, who afterward disposed of the property without foreclosing either mortgage. This purported purchase from Zimmerman was respondents' only defense to an action by appellant Mosteller for the wrongful conversion of the property, alleged to be worth $1,600 and for which the jury returned a verdict in favor of plaintiff and

against the defendant for $1,858.75, exclusive of costs taxed at $54.90. To defeat a motion for a new trial, made after the entry of judgment for $1,913.65, she made application for and obtained leave to reduce the amount recovered, $258.75, to conform to the allegations of her complaint, and thereupon the court refused to grant a new trial. With reference to respondents' transaction with Zimmerman, which was the only material question in controversy and the sole issue submitted to the jury at the trial of the action for wrongful conversion, appellant Mosteller testified that she never sold any of the cattle or horses, and that her only purpose in delivering the same into the possession of Zimerman at his ranch on the 28th day of December, 1903, was to have them provided at her expense with suitable care and forage during the winter. This brief reference to the facts of that case is deemed essential to the proper understanding and adjustment of equities presented by this appeal, but the verdict found upon conflicting evidence and the judgment entered thereon is a final determination that the mortgage lien was lost by the wrongful conversion of the property.

Concerning the legal effect of such unwarranted act, section 2038 of the Revised Civil Code is conclusive, and as follows: "The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon." On the 18th day of September, 1905, while an unsuccessful appeal from the judgment and order denying a new trial of the action for wrongful conversion was pending in this court, respondent, Holborn, commenced an action against appellant Mosteller to recover the amount due on his two promissory notes, and also certain money expended for care and feed necessary to keep the cattle and horses alive while in her possession. At the trial of this action it appeared from the testimony of appellant Mosteller that certain credits placed by respondent on the $1,240 cattle note should have been indorsed upon the $220 note secured by mortgage on the horses, thus paying the same in full prior to the commencement of the action, and under the pleadings, evidence, and instructions of the court a statutory

penalty of $100 for his failure to discharge such mortgage when paid was deducted from $1,440 found due upon the $1,240 note given for the cattle, and judgment against her was entered in respondent's favor for $1,380.45, including costs.

The application of respondent to set off pro tanto the final judgment thus obtained against appellants' judgment for $1,858.75 was resisted on the ground that all her interest therein was exempt, and that Albert Gunderson, Esq., had perfected a prior and valid lien thereon for attorney's fees in the sum of $1,108.75. In support of the exemption claim, reference is had to her complaint in the action for wrongful conversion, wherein it is alleged "that plaintiff is the head of a family and entitled to the exemption laws of the state of South Dakota and to claim her exemptions out of the above described property." As the answer admits that plaintiff is the head of a family and denies her right to exemptions, it is contended by counsel for appellant that all inquiry into the question of exemptions is foreclosed adversely to respondent by the judgment in that case. There being no dispute, so far as shown by the record before us, as to the identity, value, or disposition of the mortgaged cattle and horses by respondent after purchasing them from Zimmerman, the only issue tried and submitted to the jury was whether appellant Mosteller had previously parted with her property, and, if not, the instructions required a finding in her favor for the value thereof, and such was the verdict returned. Consequently the only litigated question was whether she owned the property as alleged in the complaint when respondent confessedly appropriated it all to his own use, and the final judgment entered upon the verdict in her favor is entirely silent as to exemptions.

Until forfeited by wrongful conversion respondent's mortgage lien was superior to any exemption right that appellant could assert, and to maintain her action under the pleadings and recover the value of the property, it was only necessary to establish her ownership to the satisfaction of the jury, and the recital of the complaint that "plaintiff is entitled to claim her exemptions out of the above described property" is a mere conclusion of law, which the court and the jury very properly ignored. In the ab-

sence of any issue of fact as to the exempt character of the property, its consideration by the jury, and judicial determination, it would be no more fallacious for respondent to contend that the question was adjudged adversely to appellant and that she is estopped to assert the claim by the former adjudication. When, as here instanced, the two actions in circuit court were between the same parties, but upon different demands, the general verdicts and final judgments entered therein operate as an estoppel only as to material facts in issue that were necessarily considered by the jury and their legal effect determined by the court. Selbie v. Graham, 18 S. D. 365, 100 N. W. 755; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Chapman v. Hughes, 134 Cal. 641, 58 Pac. 298, 60 Pac. 974, 66 Pac. 982. As to what appellant Mosteller claims as exempt to her, there is no reason or authority to justify the contention that the judgment in the action for wrongful conversion is res adjudicata, and sufficient to defeat respondent's application to reduce his liability as a judgment debtor by setting off pro tanto his judgment against her for the purchase price of the cattle. Section 362 of the Revised Code of Civil Procedure, as amended by chapter 139, p. 158, Laws 1903, provides that "no exemptions shall be allowed any person against an attachment or execution issued for the purchase money of property claimed to be exempt and on which such attachment or execution is levied." A statute thus removing property from the operation of the exemption laws and subjecting it to legal process, either before or after judgment, is wholly sufficient to justify a court of equity in the pro tanto set-off of a purchase-money judgment against a judgment of the same court, where both are mutual and final and the result of litigation to settle conflicting claims as to the ownership of property. After making a non-appealable interlocutory order expressly reserving the substantive issues for further consideration and determination, but granting appellant Gunderson's application to intervene and requiring him to release his attorney's lien, upon respondent's giving an approved bond for his full protection in the amount and manner required by statute, the motion to set off mutual judgments came regularly on for hearing on the merits, and the final order made the sub-

ject of this appeal was entered in strict conformity with findings of fact and conclusions of law fully justified by the evidence.

From the inception of the litigation appellant Gunderson was fully advised of all the equities existing in favor of respondent and knew of the insolvency of appellant Mosteller when his attorney's lien for $1,108.75 was filed against her judgment for the value of the converted property, which, with costs of the action, amounted to $1,913.65, and together they confessed the excessiveness of such recovery by remitting $258.75 in order to prevent the granting of respondent's motion for a new trial. It was established by the evidence and the court found that $550 was the value of the mortgaged horses; that $21 was necessarily expended by Mrs. Mosteller in an effort to recover possession of such horses and the 40 head of cattle wrongfully converted; and that the entire balance of her judgment against respondent was for the value of the cattle described in his mortgage executed by her to secure the purchase price of such property. Without further reference to the evidence, the consideration of which has been rendered exceedingly arduous by unnecessary complication in the manner of presenting the record for review, it is concluded that the facts and circumstances fully justify the following order from which this appeal was taken: "It is hereby ordered that the said James Holburn pay to the clerk of this court the sum of $582.10 within 10 days from date hereof, which said sum shall be held by said clerk until there shall be produced to him a satisfaction of so much of said judgment as that amount shall represent, duly executed by Olive Mosteller and covering her claim for exemption out of said judgment in the case of Mosteller v. Holborn and a further release by Albert Gunderson, Esq., of the sum of $582.10 of his attorney's lien docketed in said cause whereupon said sum shall be delivered to said Albert Gunderson, Esq. That within 10 days thereafter said James Holborn shall deliver to said Albert Gunderson, Esq., a bond approved by the clerk of this court in the sum of $1,000 conditioned that said Holborn will pay to said Gunderson any further sum which may be found due said Gunderson on account of said lien or attorney's fees in said action in an action at law for that purpose, and that upon the furnishing of said bond and

its delivery to said Gunderson the balance of the judgment in the case of Olive Mosteller against James Holborn shall be set off against the judgment in the case of James Holburn against Olive Mosteller pro tanto." Notwithstanding the apparent agreement entered into between the appellant, as to attorney's fees, the required payment of $582.10 to the intervening appellant and the release of his lien upon respondents giving approved security for the payment of any additional amount that may be ascertained by an action at law on the bond for that purpose is clearly within the discretion of a court of equity, and as a matter of law warranted by section 703 of the Revised Political Code. As appellant Gunderson is thus sufficiently protected by the bond for $1,000, and the payment of $582.10 which is the apparent amount of his client's interest in the judgment diminished by the remittitur and his lien of $1,108.75 attorney's fees, no question need be determined as to the legal status or priority of his claim over the judgment for the purchase money of the cattle. Manifestly she is entitled to no exemptions as against such judgment, and the disposition of the matter is as favorable to both appellants as the facts and circumstances justify.

The order appealed from is affirmed.