## KAMMANN ·v. BARTON et al.

In the absence of proof that a particular issue was actually determined in arriving at a former judgment, it is conclusive only as to those facts without the existence and proof of which it could not have been rendered.

Recitals in a judgment are not conclusive nor evidence of adjudication.

Where, in an action against a mortgagee to quiet title, plaintiff in his reply set up that the limitations had run against the mortgage, but there was no evidence that the statute was considered, a judgment that plaintiff's title was subject to defendant's mortgage lien was not res adjudicata on the question of the statute in a subsequent action by the mortgagee to foreclose the mortgage.

The burden is on one relying on the tolling of the statute of limitations by the absence of the adverse party from the state to show the facts.

A mortgage not under seal is barred in 10 years unless the statute is in some manner tolled.

Where, in an action by the grantee of a mortgagor against the mortgagee to quiet title, the mortgagor was not made a party, a judgment that the mortgage was a valid lien was not res adjudicata as to the mortgagor in a subsequent action to foreclose the mortgage, since he did not stand in privity to his grantee.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Spink County.   Hon. CHARLES S. WHITING, Judge.

Action by Frederick W. Kammann against Lot Lee Barton and another.   Judgment for plaintiff, and defendants appeal.   Reversed, and new trial ordered.

*W. F. Corrigan* and *Taubman, Williamson & Herreid,* for appellants.

In order that a judgment shall have the effect claimed, it is not enough that the party produce a record showing a judicial determination of the same question litigated in his favor, but it must also appear that it was rendered upon the merits upon a material point, and substantially upon the same facts presented in the subsequent case.   Thorn v. DeBreteuil et al., 83 N. Y. Sup. 865; Shaw v. Broadbent, 129 N. Y. 114, 29 N. E. 238.   The question of the ten years statue of limitation was not in issue and was not decided in the former action.

*D. W. Poindexter,* for respondent.

All questions, as to the validity of his mortgage, the amount due thereon, and the superiority of the lien over the title of appellant, were adjudicated in the case of Hunter v. Kammann, to quiet title, and that adjudication was equally binding upon the other defendant herein, and it was the duty of the plaintiff to attack it on all the grounds he had, and failing to do so on any ground he had, he and his present co-defendant being privy in interest, are estopped in this action from setting up the same or any other defenses to said mortgage which then existed. Howard v. The City of Huron, 5 S. D. 539; 6 S. D. 180; Minnesota Thresher Co. v. Schaak, 10 S. D. 511; Pitts v. Oliver, 13 S. D. 561, Stevens v. Osgood, 18 S. D. 247.

McCOY, J. This is an action commenced by plaintiff, F. W. Kammann, against the defendants, Lot Lee Barton and H. F. Hunter, to foreclose a real estate mortgage. The complaint is as follows: "Plaintiff alleges: That on June 13, 1889, defendant Lot Lee Barton was indebted to plaintiff in the sum of $237, evidenced by two promissory notes dated March 6, 1889, one for $228, one for $9, both due September 6, 1889, bearing interest at 12 per cent. per annum after maturity, and on June 13, 1889, defendant Barton, to secure said notes, made his mortgage deed, whereby he sold and conveyed to plaintiff the S. W. ¼ of sec. 32-120-63, to be void upon the payment of said notes. That said mortgage contained a power of sale in the usual form, and was recorded. That the plaintiff is still the owner of said mortgage, and the same is due and unpaid. That plaintiff commenced foreclosure by advertisement, but has been compelled to foreclose by action. That in August, 1905, defendant Hunter commenced an action in this court against this plaintiff to quiet title in himself in said premises. That this plaintiff, answering, alleged the making of said mortgage, etc. That said action was tried to the court on January 10, 1906. Said court found, adjudged, and decreed that defendant in that action (the plaintiff in this action) had a valid lien on said land by virtue of said mortgage to the amount of $701.88 as more fully appears by the record and papers in said action. Wherefore plaintiff prays judgment against said defendant (1) for $701.88, and interest on said sum from January 10, 1906, and $7 damages sustained by

reason of suing out the restraining order; (2) the usual decree for the sale of said premises," etc., The defendants made joint answer by general denial, except as to all matters specifically admitted, and alleged that said notes and mortgage described in the complaint were never delivered to plaintiff; that said notes and mortgage were executed by the defendant Barton and delivered to the Bank of Ashton, in escrow, to be delivered to plaintiff when plaintiff delivered to Barton the sums of money represented by said notes; and that the said sums of money represented by said notes, nor any part thereof, were ever delivered to Barton, or to any other person for him, and that said notes and mortgage were wholly without consideration; and defendants also pleaded the statute of limitations, both the six and ten year statutes.

The only evidence offered by plaintiff in this case in proof of the allegations of the complaint was the mortgage and the judgment roll, consisting of summons, complaint, answer, reply, findings, and judgment in the former action of H. F. Hunter, plaintiff, v. F. W. Kammann defendant. From this judgment roll it appears that plaintiff Hunter brought suit against the defendant, Kammann, to quiet title to S. W. ¼ 32-120-63, plaintiff alleging ownership and possession in himself, and that defendant, Kammann, claimed to have some interest in or incumbrance upon said real estate adverse to plaintiff. In that action defendant answered, alleging that on June 13, 1889, one Lot Lee Barton was the owner of said premises and being indebted to defendant in the sum of $237 and interest due September 6, 1889, to secure the payment thereof, executed and delivered to defendant a real estate mortgage upon said premises containing a power of sale, and to this answer the plaintiff in that action replied by a general denial and also by setting up the statute of limitations against the notes and mortgage, and also alleged that said notes were give without consideration, and that said notes were not executed and delivered to defendant, Kammann. On the trial of the former action the court found: "That the plaintiff Hunter was the owner of said land, subject, however, to a mortgage lien thereon in favor of defendant, Kammann; that Hunter acquired title by warranty deed from Barton August 13, 1898, and that Barton acquired title from the United States; that on June

13, 1889, Barton executed a mortgage to defendant Kammann, to secure $237, evidenced by two notes described in the answer, and that said mortgage was on June 14, 1889, duly filed for record and thereafter duly recorded; that defendant is still the owner and holder of said notes and mortgage, and that no part of said debt has ever been paid, and that defendant has a valid and subsisting lien on said lands superior and paramount to the title of plaintiff to the amount of $701.88," and thereafter the court rendered judgment "that plaintiff Hunter take nothing by said action; that the mortgage of defendant is superior and paramount to the title of plaintiff in and to said land in the sum of $701.88; and that on the payment of said amount to defendant title to said land be quieted in him." In the case at bar the court found "that on June 13, 1889, the defendant Lot Lee Barton executed and delivered to plaintiff his mortgage on the S. W. ¼ of section 32 to secure the payment of $237, with interest, due September 6, 1889; that said mortgage contained a power of sale; that said mortgage was duly filed for record; that in August, 1905, defendant Hunter, as plaintiff therein, commenced an action in this court against this plaintiff as defendant therein to quiet title in Hunter to said land as the immediate grantee of defendant Barton under a warranty deed of August, 1898; that this plaintiff as defendant in that action answered and pleaded the making and delivery of said notes and mortgage; and that the title of Hunter was subject to the said mortgage of the said defendant, and to which answer the said Hunter replied, denying the allegations of said answer, and alleging the statute of limitations against said notes and mortgage, and alleging that said notes and mortgage were never delivered to the defendant, Kammann;" that on the 10th day of January, 1906, the said action of Hunter v. Kammann was tried and the court heard the proofs and considered the same, and, the records and papers in the case and arguments of counsel and said cause having been submitted, the court found "that plaintiff Hunter was the owner of the land subject to the said mortgage of defendant; that Hunter derived title from Barton in 1898, and that prior thereto, in 1889, Barton was indebted to defendant in the sum of $237, and made said mortgage to secure the payment thereof, and that

said mortgage was duly filed for record, and that defendant is still the owner of said notes and mortgage, and ·that there was then due thereon $701.88"; that on said findings the court in that action rendered judgment that "defendant Kammann, had a valid subsisting lien on said land to the amount of $701.88 superior to the title of plaintiff." In this action the court further found that all the issues raised by the pleadings in the case of Hunter v. Kammann touching the making and delivery of said notes and mortgage and the question of the bar of the statute of limitations were tried and determined and adjudicated in said action in favor of defendant, and which judgment has never been appealed from, modified or reversed; that Barton has made no payments on said mortgage debt, and upon these findings the court in the case at bar rendered judgment "that the plaintiff, Kammann, recover of the defendant Barton the sum of $752.37 and costs and expenses, and that said land be sold at foreclosure sale to satisfy said judgment or so much thereof as the proceeds of such sale would satisfy, and that the purchaser of such sale, in case of failure of redempaion, be given a deed, and that defendants and all persons claiming under them be forever barred and foreclosed of all title to said land."

The defendants, the appellants in this action, now contend that there was no sufficient evidence to sustain the said findings and judgment; that there is no evidence to show the delivering of the promissory notes and mortgage on which the judgment is based; that there is no evidence to support the finding that "all the issues in the former case of Hunter v. Kammann touching the making and delivery of said notes and mortgage and the question of the bar of the statute of limitations were tried, determined, and adjudicated in said action." In this contention we are of the opinion that appellants are correct, and especially as to the question of the statute of limitations. There is absolutely no evidence as to what was litigated or adjudicated in the former action other than the natural inference that arises from the fact of a judgment in favor of the defendant, but an inference of this character must arise as a necessity in order to substantiate the judgment, and, while the court must have found as a matter of necessity that the

notes and mortgage were executed and delivered to defendant Kammann in that action in order that he might recover in any event, still that inference would not necessarily prevail as to the statute of limitations. The plaintiff in the former action might have offered no evidence at all on the issue of the statute of limitations, or might have abandoned that issue, and the defendant still have been entitled to the same judgment that was rendered. It was not necessarily essential that the question of the statute of limitations be litigated or adjudicated in order that defendant recover. In the absence of proof that a particular issue was actually tried and determined in arriving at a former judgment, it is conclusive by way of estoppel only as to those facts without the existence and proof of which it could not have been rendered; in other words, it is conclusive evidence of whatever it was necessary for the court to have found in order to warrant the decision in the former action, and no further. 23 Cyc. 1297, 1306, 1308-1, 309, and cases there cited; Mosteller v. Holborn, 21 S. D. 547, 114 N. W. 693; Selbie v. Graham, 18 S. D. 365, 100 N. W. 755. Recitals in the judgment are not conclusive, and are not evidence of adjudication. 23 Cyc. 1292. There is no evidence or inference that the statute of limitations was considered or determined in the former action. It is not enough even that it appears that the issue presented in the later suit was presented and ought to have been litigated in the former, but it must appear further that it was litigated and decided, as well as involved. It must appear that the issue was supported or attacked by the evidence and made the subject of the trial and pressed upon the consideration of the court. Selbie v. Graham, 18 S. D. 365, 100 N. W. 755; McPherson v. Swift, 22 S. D. 165, 116 N. W. 76; 23 Cyc. 1311. The case of Teigen v. Drake, 13 N. D. 502, 101 N. W. 893, is a very similar case to the one at bar, in which it is held "that the judgment in the action to quiet title is not available as res adjudicata in the trial of the foreclosure action. The former judgment was entered in July, 1903, and this action was commenced September 12, 1903. For aught we know, the time limited by the statute may not have expired until after the entry of judgment. The record furnishes no information on that point. A former judgment is not conclusive

against defendants unless it is made to appear that all the con-
ditions essential to this defense were the same in the former action
as they are in the subsequent one." The same situation of affairs
exists in the case at bar. On the face of the evidence it would
prima facie seem that the statute of limitations had run against
the notes and mortgage. If there was any tolling of the statute
by the absesnce of the defendants from the state, the burden was
on the plaintiff to show the facts. Dielmann v. Bank, 8 S. D. 263,
66 N. W. 311; Searls v. Knapp, 5 S. D. 325, 58 N. W. 807, 49
Am. St. Rep. 873. The mortgage in question appears from the
record to be an instrument not under seal and would be barred in
10 years, unless the statute was in some manner tolled. Bruce v.
Wanzer, 20 S. D. 277, 105 N. W. 282. There is no evidence in
this case sufficient to show any tolling of the statute of limitations.

Again, in this case, the plaintiff by his complaint demanded
personal judgment against defendant Barton, and a personal judg-
ment has been rendered against him in this action for the amount
of the notes and interest and costs. Barton was not a party to the
former action, and the judgment in that action is not res adjudi-
cata as to him. Barton does not stand in privity to Hunter. He
does not claim anything in this action through or under him.
Gilman v. Carpenter, 22 S. D. 123, 115 N. W. 659. A grantee of
real estate under some circumstances stands in privity to his
grantor, but the grantor does not stand in privity to the grantee.
23 Cyc. 1257. The former judgment in the case of Hunter v.
Kammann is not evidence against Barton as to the execution and
delivery of the notes and mortgage, and consequently there is no
evidence in the case that would warrant any judgment against
Barton. Recitals in the mortgage are not sufficient. Bruce v.
Wanzer, 18 S. D. 155; 19 N. W. 1102. If Barton in 1898 con-
veyed by warranty deed to Hunter, subject to the mortgage, then
Barton would have no interest in the foreclosure of the mortgage
lien against the land, as he has parted with all his interest therein
and could not be heard to complain, as he would not be a party in
interest, excepting in case the land sold for less than the amount
of the personal judgment, in which case a portion of the personal
judgment would still stand against him. If Barton conveyed to

Hunter free and clear of all incumbrance, then Barton might be interested in having the whole of the indebtedness eliminated in order to avoid liability on the covenants in his deed.

The judgment of the circuit court is reversed, and a new trial ordered.

WHITING, J., took no part in this decision.