## MEYER v. MEYER.

The administrator or other legal representative of an estate has no right as against the beneficiary of a life policy to receive the insurance money as assets of the estate.

The executor of insured may claim the proceeds of a life policy as against a special legatee to whom the policy has been willed, and under Civ. Code, §§ 1072, 1073, such proceeds are burdened with the payment of decedent's debts, the widow's allowance, and expenses of administration.

Though a policy made payable to insured or his personal representative or assigns may be willed under Civ. Code, § 1956, it is nevertheless subject to the statutory allowance of the surviving husband or wife and minor children under Civ. Code, §§ 728, 1073, Code Civ. Proc. § 348, and Probate Code, §§ 153, 154, all of which sections must be construed together.

The widow's allowance or claim to exempt property takes precedence over all claims of legatees or distributees and of all other claims against her deceased husband's estate, except expenses of administration, last illness, funeral expenses, and tax liens.

Under Probate Code, § 154, providing that there shall be set apart to the surviving wife or husband or minor children all such personal property as is exempt by law, and that no such property shall be liable for any prior debts or claims against decedent, except when there are no assets thereunto available for the payment of necessary expenses of last illness, funeral expenses, and expense of administration, necessary expenses of last illness, funeral expense, and the expense of administration are not payable from the statutory allowance if there is other available property.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, Yankton County, HON. E. G. SMITH, Judge.

Letters testamentary having been issued to Paul A. Meyer upon the estate of George H. Meyer, deceased, Estella Meyer, his widow, appeared, and petitioned that certain of the estate be set apart to her as exempt, and that a certain allowance be made to her. From the judgment of the county court, both the executor and decedent's widow appealed to the circuit court, and from the judgment of the circuit court the executor appeals. Judgment modified, and cause remanded, with directions.

*A. L. Wyman* and *C. I. B. Harris,* for appellants. *Holman & Janousek,* for respondent.

McCOY, J. It appears from the record that George H.. Meyer died in Yankton county on the 1st day of February, 1907, leaving surviving him as his heirs at law Estella Meyer, his wife (against whom a divorce proceeding was then pending), Helen O. Meyer, a sister, and Paul A. Meyer, a brother. At the time of his death he owned $917.32, money on deposit, $107.50, other personal property; also a life insurance policy for $5,000, issued by the Security Trust & Life Insurance Company, payable to the executors, administrators, or assigns of the insured, and on which policy appeared the following indorsement: "At the written request of the within named insured the beneficiary under this policy is hereby changed from the executors, administrators or assigns of the insured to Helen O. Meyer, sister, $2,500.00 and the executors, administrators or assigns of the insured $2,500.00. May 19th, 1904. I. C. Garverick, Secretary." On July 22, 1906, George H. Meyer made a last will and testament whereby he willed and bequeathed his property as follows: "I direct my executor, Paul A. Meyer, to contest any claims of any kind Estella Meyer, my wife, may present, and I positively direct that she receive nothing whatsoever from my estate but one single Dollar; I leave and bequeath everything I may die possessed of to my brother Paul A. Meyer, with the exception of $2,500.00 to my sister Helen O. Meyer, namely one half of a life insurance policy in the Security Trust & Life Insurance Company. I appoint my brother Paul A. Meyer executor." Said will was admitted to probate, and Paul A. Meyer qualified as executor. Funeral expenses to the amount of $541.20 were allowed by the executor and approved by the county court. Thereafter the widow, Estella Meyer, appeared in the administration of the estate and petitioned the county court, omitting formal parts, as follows: "That said estate is solvent. That the following property belongs to said estate and is exempt from execution, to-wit: One-half interest in a life insurance policy amounting to $2,500, also $750 in cash, which petitioner selects as her exemptions out of said estate, and petitioner states that she is without means of support, except her own labor, and that no allowence has been made for

her support or maintenance pending the administration. Wherefore the petitioner prays that all of said personal property herein mentioned may be set apart for her use, and that an allowance of $35 per month be made for her maintenance during the progress and settlement of said estate." Upon the hearing of said petition, the county court rendered judgment that Estella Meyer, widow of deceased, is entitled to all of the personal property designated and provided for under and in pursuance of section 153 of the Probate Code, and also that she is entitled to the sum of $750 under and in pursuance of section 154 of the Probate Code, and it is further ordered and decreed that the executor of said estate be, and he hereby is, ordered and directed to set aside and turn over to said Estella Meyer all of the allotments provided for in said sections 153 and 154, as hereinbefore stated, and it is further ordered and decreed that the said widow be and hereby is allowed the sum of $25 per month from the date of the appointment of said administrator for her maintenance and support, and said executor is hereby ordered and directed to pay said amount to said Estella Meyer, and it is further ordered that the insurance money due and payable under and by virtue of said policy does not inure to the benefit of said widow for the reason that the same had been bequeathed and devised by said deceased. Paul A. Meyer, executor, and Estella Meyer, widow, both appealed from said judgment of the county court to the circuit court, and upon the hearing in the circuit court judgment was rendered that so much of the order and decree of the county court which provides "that the widow of said deceased is entitled to all of the personal property designated and provided for under and in pursuance of section 153 of the Probate Code, and also that she is entitled to the sum of $750 under and in pursuance of section 154 of said Probate Code, and that the executor of said estate be, and he is, ordered and directed to set aside and turn over to said Estella Meyer, widow of said deceased, all allotments provided for in sections 153 and 154 as hereinbefore stated, and that said widow be, and is hereby, allowed the sum of $25 per month from the date of the appointment of said administrator

for her maintenance and support, and that said executor is hereby ordered and directed to pay said amount to said Estella Meyer," be and the same is hereby affirmed and approved, and that so much of said order as provides "that said insurance money due and payable under and by virtue of said policy does not inure to the benefit of said widow for the reason that the same has been bequeathed and devised by said deceased" is hereby reversed and set aside. It is further adjudged and decreed that the sum of $2,500 life insurance which according to the terms of said policy is payable to the estate of said deceased be, and the same is hereby, declared to be exempt to the said Estella Meyer, widow of said dceased, and the executor of said estate is hereby ordered and directed to pay 'said insurance to the widow of said deceased in full and as exempt from all claims of creditors. To which judgment of the Circuit Court the executor duly excepted and appeals to this court, assigning the following errors:

(1) The court erred in reversing so much of the order of the county court as provided that the insurance money does not inure to the benefit of the said widow for the reason that the same had been bequeathed and devised by said deceased.

(2) The court erred in ordering that the said sum of $2,500 life insurance be declared exempt and paid over to said Estella Meyer in full.

(3) The court erred in confirming the other portions of said judgment of the county court.

(4) The court erred in refusing to dismiss the petition of the said Estella Meyer.

(5) The files and testimony do not sustain the judgment.

(6) The court erred in not making provision for the payment of the necessary expenses of last illness, funeral charges, and expenses of administration out of the property other than the $2,500 life insurance.

(7) The court erred in assuming jurisdiction over said $2,500 insurance money.

We are of the opinion that the judgment of the circuit court should be affirmed. Under the provisions of the life insurance

policy as it existed at the time of the death of George H. Meyer, there were two designated beneficiaries, viz., Helen O. Meyer, beneficiary of $2,500, the executors, administrators, or assigns of the insured beneficiary of the remaining $2,500. The indorsement on the policy had the effect of changing the beneficiary originally designated. Under the provisions of the will Helen O. Meyer, the sister, became a special legatee; that is, George H. Meyer, by his will, made his sister, Helen O. Meyer, a gift of $2,500, the remainder of the proceeds of the said life insurance policy. The brother Paul A. Meyer, by the terms of the will became the residuary legatee, to whom the remainder of the estate passed after the payment of the special legacy to his sister. These legacies, like all other legacies of the same class under the statute of this state, were subject to the administration of the estate. The $2,500 of the proceeds of the insurance policy to which Helen O. Meyer was entitled as a beneficiary under the policy was not subject to the administration of the estate, and she was entitled to the whole thereof independently and exclusive of the administration; but the remaining $2,500, the subject of the legacy under the will, by virtue of the provisions of sections 1072, 1073, Civ. Code, was subject to and burdened with the payment of the debts of decedent, the widow's allowance, and expenses of administration as prior claims having precedence over the legacy. The administrator or other legal representative of the estate has no right as against the beneficiary to receive the insurance money as the assets of the estate. When, however, the policy has been disposed of by will, the executor of the insured may claim the proceeds as against the special legatee. 25 Cyc. 896. Although a policy of insurance made payable to the insured or to his administrators, executors, or assigns may be disposed of by will under section 1956, Civ. Code, it is nevertheless subject to the statutory allowance of the surviving husband or wife and minor children under the provisions of sections 728, 1073, Civ. Code, section 348, Code · Civ. Proc., and sections 153 and 154 of the Probate Code, all of which sections of the statute must be construed together, under familiar rules of construction, and must be

so construed as to give effect to each section. It seems to be generally held that the statutory allowances must come from all the property belonging to the decedent notwithstanding specific or general bequests elsewhere; that the widow's allowance or claim to exempt property takes precedence over the claims of legatees and distributees, and of all other claims against the estate of her deceased husband, except expenses of administration, last illness, funeral charges, and tax liens. 18 Cyc. 386, 387; Miller v. Steppen, 32 Mich. 194; Glenn v. Gunn, 88 Mo. App. 442. Under the provisions of section 154, Probate Code, the expense of administration, last illness, and funeral charges are not payable from the statutory allowance where there is other available property. No part of the $2,500 insurance money belonging to Helen O. Meyer as beneficiary under the policy is available or liable for the payment of any part of the expenses of administration, last illness, or funeral charges, but the same should be paid, first, from the remainder of the residuary amount bequeathed to Paul A. Meyer, after deducting the $750 general exemption allowance, and, in case such remainder of the residuary legacy is not sufficient, then the remainder of such expenses should be paid from the $2,500 allowance of the proceeds of the policy awarded to the widow as a further exemption. If the proceeds of the insurance policy bequeathed to Helen O. Meyer under the will had exceeded the sum of $5,000, the amount of the exemption, then the surplus over the exemption would have been available and liable for the expense of administration, last illness, and funeral charges prior to resorting to the exemption allowance; and, if there had been still a balance remaining after the payment of the exemption allowance and the expense of administration, last illness, and funeral charges, then that would have passed to the legatee under the will, unless consumed by the payment of general debts. It appears from the record that at the time of the death of George H. Meyer he had on deposit in bank $917.32. Of this amount $750 is exempt under sections 154, Probate Code, and 348, Code Civ. Proc., leaving a balance of $187.32 available for the payment of expenses of ad-

ministration, last illness, and funeral charges. The remainder of the expenses of administration, last illness, and funeral charges, after applying this $187.32 should be paid from the exemption allowance of Estella Meyer, the widow, as a charge having priority over the exemption.

The judgment of the circuit court should be modified to the extent only of requiring the balance of the expenses of administration, last illness, and funeral charges after applying the $187.32 thereon, to be paid from the moneys allowed as exempt to Estella Meyer, the widow; otherwise, in all things the judgment of the circuit court is affirmed, and the cause remanded to the circuit court and county court, said estate there to be administered in accordance with this decision.

SMITH, J., took no part in this decision.