IN re JAMES' ESTATE. ·

BIGELOW, Respondent, v. BOOTH, Appellant.

(160 N. W. 525.)

(File No. 3901.  Opinion filed December 20, 1916.  Rehearing denied February 7, 1917.)

1. Executors and Administrators—Allowances, as Exemptions—Non-resident as Claimant.

Under Prob. Code, Sec. 154, providing that, in addition to property mentioned in preceding section, there shall be allowed and set apart to surviving wife or husband, or the minor child-

ren of decedent, all of such personalty or money as is exempt by law from levy and sale on execution, etc., to be, with the homestead, possessed and used by them, and Sec. 153, as amended by Laws 1913, Chap. 236, providing that homestead and the absolutely exempt property are only available to the surviving wife or husband in case a homestead has been or is entitled to be selected; and those sections, construed with Code Civ. Proc., Sec. 346, providing that a debtor, the head of a family, may, in addition to the homestead and specified other absolute exemptions, claim as exempt money and personalty to the value of $750, or in lieu thereof, by Sec. 347, may claim as exempt certain specific property commonly referred to as "specific alternative exemptions;" and Sec. 348, providing and setting apart of proceeds of a limited amount of life insurance to surviving widow, husband, etc.; and Sec. 363, providing that exemptions other than those made absolute are not available to a non-resident; held, that said Sec. 154 does not contemplate the allowances therein provided to a non-resident, but only to a resident who is head of a family.

2. Same—Allowances, as Exemptions—Preferred Claim, Not Statute of Succession—Statute Construed—Limitation of Power to Bequeath.

Prob. Code, Sec. 154, providing certain allowances to surviving wife or husband, minor child or children of decedent, is not a statute of succession; the allowance therein provided not being in the nature of an interest in property, but merely a preferred claim against the estate of a decedent; and such provision is a limitation upon the power of a testator to bequeath.

3. Same—Allowances, as Exemptions—Unspecified Personalty as Allowance—Statute Construed.

Under Prob. Code, Sec. 154, providing that in addition to property mentioned in preceding section there shall also be allowed and set apart to surviving wife or husband, or minor child or children, etc., "all of such personal property or money as is exempt" by law from levy and sale on execution, etc., with the homestead possessed and used by them, held, that the allowance, so provided for, is not money or personal property of the value of $750., nor is it specified personal property; it is the exempt property allowed and set apart to the survivors therein specified; and is determinable by recourse to Secs. 346, 347, 348, 363, Code Civ. Proc., providing for exemptions.

4. Same—Allowances, as Exemptions—Time for Claiming—Survival to Executor.

The allowance provided for by Prob. Code, Sec. 154, to surviving wife or husband, minor child or children of decedent, need not have been claimed in the lifetime of the party en-

titled; since if such right ever attached, it was not lost because not asserted in his lifetime; it survives to executor or administrator.

5. **Same—Allowances, as Exemptions—Delay, Whether Amounting to Waiver of Right.**

    The right to the allowances to surviving husband and wife, etc., under Prob. Code, Sec. 154, although waivable, is not waived by mere delay in presenting the claim.

6. **Wills—Probate—Venue—Jurisdiction—Recital in Will, Effect of, as to Jurisdiction—Probate Order, Whether Adjudication of Jurisdiction—Statute.**

    Although a will recited that decedent was of a certain city and county, and the papers attendant upon probate thereof recited that she was a resident of said county, held, that, under Prob. Code, Sec. 31, Subd. 1, providing that the will must be proved and letters granted in the county of which deceased was a resident at time of his death, "in whatever place he may have died," and Subd. 2, providing that the will must be proved in the county in which decedent may have died, leaving estate therein, "he not being a resident of the state," one or other of these subdivisions was applicable to said will, dependent upon where decedent's residence was. **Held,** further, that the judgment admitting the will to probate, while constituting an adjudication of jurisdiction over the will, was not an adjudication for subsequent purposes in matter of the estate, that jurisdiction attaches under one particular subdivision of said section to the exclusion of the other.

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Petition by James T. Bigelow, Administrator with the will annexed of the estate of Walter H. James, deceased, against Henry A. Root, executor of the last will and testament of Clara Jones, deceased, for certain statutory allowances. From a judgment of circuit court for plaintiff, and from an order denying a new trial, on appeal from a judgment of county court denying the application, defendant appeals. Reversed, and remanded for new trial.

*Ira F. Blewitt, for Appellant.*

*George Rice, and Lewis Benson,* for Respondent.

(1) To point one of the opinion, Appellant cited: Woolfsen v. Mead, (Neb.) 148 N. W. 153; Vol. 1, Woerner's American Law of Administration, pp.184-185; and see, authorities cited to point four.

Respondent cited: In re Schromberg's Estate, (Minn.) 138 N. W. 428; Sammon v. Higbies' Estate, (Minn.) 115 N. W. 265; Jones v. Connor, 82 S. E. 445.

(3) Under point three of the opinion, Appellant submitted that: There is a distinction between the granting of the property mentioned in Sec. 153, and that mentioned in Sec. 154, Probate Code; in that Sec. 153 specifically refers to the property, by reference to Sec. 334, C. C. P., which describes absolute exemptions; while that allowed by Sec. 154 is exemptions "from levy and sale on execution," and which, by reference to Secs. 346, 363, C. C. P., is made *conditionally* exempt, to-wit, to residents only, who are heads of families.

(4) To point four of the opinion, Appellant cited: Fore v. Fore, 2 N. D. 260, and cases there cited; 18 Cyc. 395; In re Bayer's Estate, 145 N. W. 1030; In re Hemphill's Estate, 147 N. W. 1089; Smith v. Howard, 41 Am. St. Rep. 537, 86 Maine Rep. 203.

Respondent submitted that: If respondent has any right in this matter, it is by reason of the vesting of that right during the lifetime of Walter H. James. If such right was not vested in him at the time of his death, respondent has no relief. If the right to the exempt property was vested in him at time of his death, his administrator has the same right. The allowance under scetion 154 is something in addition to that allowed in preceding section. The property mentioned in both sections is to be immediately set apart by the executor or administrator to surviving wife or husband; and cited: Sammon v. Higbies' Estate, 103 Minn. 448, 115 N. W. 265; In re Walberg's Estate. Norlund et al v. Dahlgren, (Minn.) 153 N. W. 876; Bacon v. Perkins, (Mich.) 58 N. W. 835, 837; Jones v. Connor, (Ga.) 82 S. E. 445; In re Moore's Estate, 148 Pac. 205 (Cal.); Brown v. Joiner, 80 Ga. 486, 3 S. E. 157.

(5) To point five of the opinion, Appellant cited: Sammans v. Higbie, (Minn.) 115 N. W. 269.

(6) To point six of the opinion, Appellant cited: Subdivs. 1, 2, 3, 4, Sec. 31, of Art. 2, p. 1014, Rev. Probate Code; 40 Cyc. 1247, and cases cited.

Respondent cited: Emerson v. Atwater, 12 Mich. 314.

GATES, J.  Clara James died at Flandreau in this state, in February, 1914, leaving real and personal property in Moody county, and real property outside this state.  By her last will she bequeathed to her husband, Walter H. James, the sum of $50 and also the sum of $942, theretofore recently loaned to him by her, and as stated in the will: "This to be his full share of my estate."  Textatrix left no minor children surviving her.  Shortly thereafter the said Walter H. James entered again into the bonds of matrimony, and in April, 1914, he died testate.  In September, 1914, the present plaintiff, as administrator with the will annexed of his estate, filed a petition in the estate of Clara James, asking among other things, that the sum of $750 be set apart to him under the provisions of section 154, Prob. Code.  Upon the hearing of said petition, the county court found that the estate of Clara James consisted of real estate and of the sum of $466.67 in money, and that both of said deceased persons were, at the time of the death of Clara James, nonresidents of South Dakota, and were residents of California.  Because of such nonresidence, and because it concluded as a matter of law that the right to claim such exempt property was a personal privilege which did not survive, the county court denied the application.  Upon appeal the circuit court, without making any finding of fact as to the residence of Clara and Walter H. James, rendered judgment, awarding to plaintiff the said sum of $466.67.  From such judgment and an order denying a new trial, defendant appeals.

The appellant urges for our consideration, three propositions: (a) That such allowance is not available to a nonresident; (b) that if available to a nonresident, it did not survive his death; (c) that if available to a nonresident it was waived.

[1]  Section 154, Prob. Code, provides, the italics being ours:

"In addition to the property mentioned in the preceding section, there shall also be allowed and set apart to the surviving wife or husband, or the minor child or children of the decedent, *all of such personal property or money as is exempt* by law from levy and sale on execution or other final process from any court, to be, with the homestead, possessed and used by them; and the executor or administrator must make and return a separate and distinct inventory thereof in the same manner as required for the property mentioned in the preceding section, and no such

property shall be liable for any prior debts or claims against the decedent, except when there are no assets thereunto available for the payment of the necessary expenses of his last illness, funeral charges and expenses of administration."

This section and the preceding section in relation to the homestead and the absolutely exempt property have been considered by this court in Hesnard v. Plunkett, 6 S. D. 73, 60 N. W. 159, Morgan v. Beuthein, 10 S. D. 650, 75 N. W. 204, 66 Am. St. Rep. 733, Wells v. Sweeney, 16 S. D. 489, 94 N. W. 394, 102 Am. St. Rep. 713, Meyer v. Meyer, 25 S. D. 596, 127 N. W. 595, and by the Supreme Court of our sister state in Fore v. Fore, 2 N. D. 260, 50 N. W. 712, and by the territorial court in Territory ex rel. Hall v. Bramble, 2 Dak. 189, 5 N. W. 945, but the question of the availability of the allowance to a nonresident has never been directly decided in the Dakotas. The cases on this question are collated in 21 L. R. A. 241, and 11 L. R. A. (N. S.) 361. Section 153, Prob. Code, was amended by chapter 236, Laws 1913. Section 1 of that chapter purports to amend sections 153, 155, and 156 of the Revised Political Code, but by reference to the subject-matter and to the title of the act, and to the subject-matter of those sections of the Political Code, it is apparent that the word "Political" is a clerical error, and that it was the Probate Code that was intended to be amended. Section 153, as thus amended, makes it entirely clear that the homestead and the absolutely exempt property are only available in a case a homestead has been selected, or is entitled to be selected. It is clear, therefore, that section 153 does not contemplate the allowances therein provided for to a nonresident.

[2] It is claimed by respondent that section 154, Prob. Code, is a statute of succession, but such is not the case. The allowance therein provided for is not in the nature of an interest in property, it is merely a preferred claim against the estate of a decedent which may or may not be available according to the circumstances. Wilson v. Wilson, 55 Colo. 70, 132 Pac. 70. It is a limitation upon the power of the testator to bequeath. 1 Church, Prob. Law & Pr. 567; Meyer v. Meyer, supra; Re Estate of Huelsman, 127 Cal. 275, 59 Pac. 776.

[3] What is it that is allowed to the surviving wife or husband, or minor child, or children by section 154, Prob. Code?

It is not, by the terms of that section, money or personal property of the value of $750. It is not specific personal property. No; it is:

"All such property or money as is exempt by law from levy and sale on execution or other final process."

In other words, it is the exempt property that is allowed and set apart to the surviving wife or husband or minor child, or children. Now in order to find out what that exempt property is, recourse must be had to other provisions of law. By section 346, C. C. P., a debtor who is the head of a family may, in additon to the homestead and certain other absolute exemptions, claim as exempt money and personal property to the value of $750, known among the profession as "additional exemptions," or in lieu thereof, by section 347, C. C. P., he may claim as exempt certain specific property, commonly referred to as "specific alternative exemptions." Section 348, C. C. P., also provides for the setting apart of the proceeds of a limited amount of life insurance to the surviving widow, husband, minor child, or children. But section 363, C. C. P., provides that exemptions other than those made absolute are not available to a nonresident, and, as above shown, section 346, Prob. Code, provides that such exemptions are only available to heads of families. Manifestly the concern of the Legislature of South Daokta is with South Dakota families. This state owes no duty to California families. Woerner in his work on the Law of Administration says, in section 77:

"These provisions, like the kindred subject of the homestead exemption laws, are of purely American origin. They owe their existence to a humane and benevolent consideration of the distress and helplessness of widows and orphans newly bereft of their protector and supporter, and to a wise public policy, recognizing the true relation of the state to the family as its organic, constituent element. 'The protection of the family,' says Thompson in his valuable work on Homesteads and Exemptions, 'from dependence and want, is the expressed object of nearly all the homestead and exemption laws; the immunities enacted by these statutes are extended to this association of persons, or to the head thereof, for the benefit of all its members.' The relation of hus-

8—Vol. 38, S. D.

band and wife, parent and child, is the unit of civilization, and the state has thought to encourage that relation by protecting it from absolute want, arising from the vicissitudes of life.'"

Again, suppose the deceased was a resident of South Dakota and has property in several states having exemption laws similar to our own. If the theory of respondent and the circuit court is sound, the surviving husband might obtain allowances of $750 each in each of those states. Manifestly, that would not be in accordance with the purpose of the exemption laws. In Smith v. Howard, 86 Me. 203, 29 Atl. 1008, 41 Am St. Rep. 537, we find the following:

"A widow's claim for allowance is not only controlled by the law of the state where the husband resided at the time of his death, but it must also be granted by the probate court of that state."

See, also, 11 R. C. L. 241, 1 Woerner, Law of Adm. § 89.

Again, section 154, Code, says:

"In addition to the property mentioned in the preceding section there shall also be allowed," etc.

If a nonresident is not entitled to the homestead under section 153, Prob. Code, the words "in addition to" and the word "also" must be eliminated from section 154 to justify the latter allowance to a nonresident. If section 154 does not mean what we have found it to mean, we would have the peculiar situation that a nonresident cannot take under section 153, Prob. Code, but can take under section 154. It is entirely clear to us that by its language section 154, Prob. Code, must be interpreted in accordance with the provisions of the sections of the Code of Civil Procedure above referred to. If the Legislature had not so intended, it is apparent that it would not have described the property in section 154, Prob. Code, as "exempt" property, but would have described it as money or other personal property not exceeding $750 in value. Construing the sections of the Probate Code and the Code of Civil Procedure together, as we are bound to do, it is clear that if Clara James was not a resident of South Dakota at the time of her death, or if, being a resident, she was not the head of a family, she could not have claimed this $466.67 as exempt from execution, therefore it is clear that in such cases neither her surviving husband nor his administrator could claim

that money under the provisions of section 154, Prob. Code. It was therefore necessary for the trial court to determine whether Clara James was the head of the family, and if she was, then whether she was a resident of South Dakota, before any exemption allowance could be made to the surviving husband or his administrator.

[4] We are of the opinion that under the authority of Fore v. Fore, supra, there is no force in appellant's contention that to be available the allowance must have been claimed in the lifetime of Walter H. James. We are of the opinion that if such right ever attached, it was not lost because not asserted in his lifetime.

[5] For the same reason we think there is no force in the claim of appellant that the right to the allowance was waived by Walter H. James prior to his decease. No doubt the right to such allowance might be waived. 11 R. C. L. 241. But we find nothing to indicate such waiver except mere delay, and delay is held not to constitute a waiver. Estate of Welch, 106 Cal. 427, 39 Pac. 805.

One further question is argued in the briefs, and as it is likely to arise upon a new trial, we deem it necessary to determine it at this time.

[6] It is urged that because the will of Clara James recited that she was "of the city of Flandreau, county of Moody and state of South Dakota," and because the papers attendant upon the probate of the will recited that she was a resident of Moody county, and because subdivision 1 of section 31, Prob. Code, provides that the will must be proved and letters granted "in the county of which the decedent was a resident at the time of his death, in whatever place he may have died" the question as to her residence was adjudicated and is no longer an open question.

Counsel overlook the provisions of subdivision 2 of said section, which provides that the will must be proved and letters granted "in the county in which the decedent may have died, leaving estate therein, he not being a resident of the state." One or the other of these two subdivisions of section 31, Prob. Code, was applicable to the probate of the will of Clara James, deceased, dependent upon where her residence was. The judgment of the county court, admitting the will to probate, was an adjudication of jurisdiction over the will. It was not an adjudication, for

subsequent purposes in the matter of said estate, that jurisdiction attached under one particular subdivision of said section 31, to the exclusion of the other. Kammann v. Barton, 23 S. D. 442, 122 N. W. 416; Id., 26 S. D. 371, 128 N. W. 329; Selbie v. Graham, 18 S. D. 365, 100 N. W. 755. The recent cases, Wilberding v. Miller, 88 Ohio St. 609, 106 N. E. 665, L. R. A. 1916A, 718, and Re Durkee's Will (Wis.) 159 N. W. 555, called to our attention since the argument, are not inconsistent with our views, for in those cases it appears that jurisdiction vested solely upon the ground of residence.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.