## OGDEN v. HOOKS.—168 S. W. (2d) 793.

Western Section.   October 31, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

Abe D. Waldauer and Albert G. Riley, both of Memphis, for appellant.

Winchester & Bearman and John S. Porter, all of Memphis, for appellee.

KETCHUM, J.   This is an appeal by the petitioner Mrs. Margaret Webb Ogden from a decree of the Probate Court of Shelby County denying her the right to a year's support out of the proceeds of certain policies of insurance on the life of her husband Charles E. Ogden, deceased.

Mr. Ogden had been employed for many years prior to his death by the Pittsburg Plate Glass Company at Memphis.  As such employee he had two certificates of group insurance of $2,520 and $5,000, respectively, under a master policy issued to that company by the Equitable Life Assurance Society of the U. S., and one ordinary life policy for $1,000 issued by the same company.  His wife was originally designated as the beneficiary in said

policies and the policies remained in her possession until his death.

On July 3, 1939, Mr. Ogden had a stroke of paralysis and was taken to the Baptist Memorial Hospital where he remained until his death, which occurred on July 17, 1939. On July 11, 1939, he signed and caused to be mailed to the insurance company notices of a change of beneficiary in said group policies, designating J. E. Hooks, Trustee, as the beneficiary therein instead of his wife. And on July 15, he executed and had mailed to the company a notice of a like change in the beneficiary in the ordinary life policy.

On July 13, 1939, he wrote a letter to Mr. Hooks, who was the manager of the Pittsburg Plate Glass Company at Memphis, in which he stated that he had notified the insurance company of the change of beneficiary in said policies, so as to make the same payable to him as beneficiary therein, and directing him to apply the proceeds thereof, first, to reimburse the Pittsburg Plate Glass Company for any moneys they might advance to him to defray the expenses of his illness, and to pay the balance to his sister, Miss Mary Ogden of New Orleans.

On the same day he executed his will in which he recited the above facts, and that he desired that his sister, Miss Mary Ogden of New Orleans, should have the balance of the proceeds of the life insurance policies after the payment of any sums that might be advanced by the Pittsburg Plate Glass Company. He devised his home at 2293 Evelyn Avenue, Memphis, to his wife, and the residue of his estate to his sister. J. E. Hooks was appointed executor.

The master group policy contained a provision that "Any employee insured hereunder may from time to

time while the policy is in force change the beneficiary. Every change of beneficiary must be made by written notice to the employer signed by the employee. . . ."

The employer was required to note such change upon his insurance record in connection with the policy and upon such entry being made "the change shall relate back to and take effect as of the date the employee signed said written notice of change."

The ordinary life policy contained a provision that "The insured may from time to time during its continuance change the beneficiary or beneficiaries by a written request, upon the Society's blank, filed at the home office, but such change shall take effect only upon the endorsement of the same hereon by the Society."

Proofs of death were duly furnished to the insurance company but it declined to pay the proceeds of said policies to J. E. Hooks, Trustee, whereupon he filed a bill in the chancery court of Shelby County against it and Mrs. Ogden as defendants, setting out the facts as related, and praying that Mrs. Ogden be compelled to surrender said policies to the complainant or to the insurance company as the court might direct; that, if necessary to complete the change in beneficiary in said policies, a reformation of the policies be had so as to effect the change in accordance with the wishes of the insured.

The insurance company filed its answer and cross-bill as a bill of interpleader and offered to pay the proceeds of the policies into the registry of the court upon the surrender of the policies. Its cross-bill was sustained as a bill of interpleader, and it paid the amount due under the policies into the registry of the court and was discharged.

Mrs. Ogden filed her answer and cross-bill in which she denied that the change in the beneficiary named in said policies had been effectually consummated during the lifetime of the insured, and also charged that at the time he attempted to give the notice of the change of the beneficiary and attempted to make the assignment of the proceeds of the policies, and attempted to make the will which had been admitted to probate, he lacked the mental capacity to execute such papers, and that they were obtained by undue influence, in her absence, and without her knowledge.

On the hearing of that cause the chancellor in a lengthy opinion found that the insured did have the mental capacity to change the beneficiary in said policies and to make a valid assignment of the proceeds to the complainant J. E. Hooks, Trustee, and to execute a valid will; and he accordingly decreed "That the said policies were at the time of the death of the insured, Charles E. Ogden, payable to J. E. Hooks, Trustee, and the designation of Mrs. Margaret Webb Ogden as beneficiary had been effectively revoked and the beneficiary changed to the complainant by the insured prior to his death at a time when he was mentally capable and of sound mind."

It was further decreed that the complainant J. E. Hooks, Trustee, was entitled to the fund in the registry of the court, less the costs, and the clerk and master was ordered to pay same to him.

This decree was entered on January 28, 1941, and was not appealed from.

While said suit was pending Mrs. Ogden obtained an extension of time in which to dissent from her husband's will if she was unsuccessful in that litigation; and in due season she did dissent from the will. On March 3, 1941,

she filed her petition in the probate court asking for the appointment of commissioners to set aside a year's support as provided by statute, and on the same day the court appointed three commissioners who set aside to her the sum of $2,500 in cash to be paid to her by the executor out of the moneys of the estate in his hands amounting to $8,336.56, being the proceeds of said life insurance policies.

Thereupon J. E. Hooks in his capacity as executor under the will and as trustee under the assignment of said policies excepted to the report of the commissioners upon numerous grounds and especially upon the grounds: (1) that the proceeds of said insurance policies were not an asset of the estate but were a trust fund in the hands of J. E. Hooks as trustee; (2) that it had been finally adjudged by the decree in said chancery cause that the proceeds of said insurance policies were payable to him as trustee; and that the petitioner, who was a party to said cause and had contested his right to said fund, was estopped by said decree to claim that said fund was an asset of the estate out of which a year's support could be set aside to her; (3) that the proceeds of said policies did not pass to him as executor under the will of the testator, but to him as trustee under the assignment executed by the testator in his lifetime, and by virtue of the change of beneficiary in the policies as directed by the insured before his death.

The Probate Judge sustained the first of said exceptions and set aside the report of the commissioners upon the ground that the proceeds of the insurance policies did not constitute an asset of the estate out of which a year's support could be set apart to the widow, but was a trust fund in the hands of J. E. Hooks as trustee. The

consideration of the other exceptions to the report was pretermitted as unnecessary. The petition for a year's support was accordingly dismissed and the widow has appealed to this court.

The assignments of error challenge the correctness of this decree, especially in holding that the proceeds of the three insurance policies were not assets in the hands of the executor out of which a year's support could be set aside, and in holding that there had been a valid assignment of the policies to Hooks as trustee; and in holding that a valid change of beneficiary in said policies had been consummated in the lifetime of the insured.

In the brief of appellant the statement is made that the question for our determination is whether the widow is entitled to the allowance of a year's support out of the proceeds of the insurance policies that passed to J. E. Hooks under the decree of the chancery court which held that he took the proceeds ''under the will as executor and as trustee,'' or whether he took them under the policies as trustee for the benefit of the Pittsburg Plate Glass Company to reimburse it for moneys expended by it for him during his illness, and the balance to be paid to his sister, Mary Ogden.

We do not construe the decree of the chancery court as adjudging that Hooks took the proceeds of the policies as executor under the will and as trustee. It is true that in his opinion which is embodied in the decree the chancellor said ''It results that a decree may be had by the complainant as trustee and beneficiary under the will, and executor thereof, for the entire net proceeds of all the insurance policies,'' etc.; but he had already found as a fact that under the terms of the policies the insured had the right to change the beneficiary or beneficiaries

therein by notice to the employer in the case of the group certificates, and by notice to the company in the case of the ordinary life policy, and that such notices had been given by the insured in his lifetime, and that he had done everything in his power to effectuate said change of beneficiary, and that he was of sound mind and was not unduly influenced to make said change, and that therefore the change of beneficiary had been fully consummated in his lifetime, and in the language of the decree itself ''It is, therefore, ordered, adjudged and decreed by the court that J. E. Hooks, trustee, is the beneficiary'' of the three policies (describing them), and is entitled to the fund of $8,335.56 in the registry of the court, and the clerk and master was directed to pay said fund, less costs, to him.

It thus appears that by the terms of the chancery decree as well as by the terms of the assignment and by the terms of the will, and by the terms of the policies themselves, the appellant is precluded from asserting that the proceeds of the policies were assets of the estate in the hands of the executor out of which a year's support could be allowed. The chancery suit was brought by Hooks in his capacity as trustee and he did not sue in his capacity as executor. The proceeds of the insurance policies are now in his hands as trustee and not as executor.

It is well settled that the proceeds of a life insurance policy payable to a designated beneficiary other than the personal representative do not become a part of the assets of the estate of the insured, and are not subject to administration and the payment of debts. The rule is stated in 37 C. J., page 566, sec. 323, as follows: ''The proceeds of a life insurance policy in which a third person

is named beneficiary belong exclusively to such beneficiary as an individual, they are not the property of the heirs of the insured, are not subject to administration, and cannot be claimed or received by the administrator of the estate.'' Numerous authorities are cited in support of this text.

And in Couch on Insurance, vol. 2, sec. 354, page 1043, it is said that ''The rights of parties claiming insurance arise out of and depend upon the contract between the parties, and must be ascertained and fixed by that contract. Consequently the terms of the policy itself decide the question of title to the proceeds.''

The fact that Hooks was both trustee under the assignment and executor under the will is of no importance. The controlling fact is that the fund came into his hands as trustee and as the designated beneficiary under the policies, and did not come into his hands as executor as an asset of the estate.

As said in State v. Fidelity & Casualty Company of New York, Mo. Sup., 82 S. W. (2d) 123, 127: ''There is no question that the functions of executor and trustee may be united in the same person who may act in both capacities, but the capacities are separate and distinct. There is a fundamental difference between the office of trustee and that of executor, and the office of trustee is not merged in that of executor by the designation of the same person as both.''

Counsel for appellant rely upon the case of Meyer v. Meyer, 25 S. D. 596, 127 N. W. 595, 596, as ''precise authority controlling the case at bar.'' In that case the deceased left an estate consisting of a small amount of cash in bank and other personal property, and a policy of life insurance for $5,000 originally payable to his ex-

ecutors, administrators or assigns, but bearing a subsequent endorsement making Helen O. Meyer, a sister of the insured, a beneficiary to the extent of $2,500, and the executors, administrators and assigns the remaining $2,500. Later he executed a will in which he directed that his wife should receive only $1 out of his estate, his sister the $2,500 of life insurance which was payable to his executors, administrators and assigns, and his brother the residue; and his brother was appointed executor.

The widow sued for her allowance, and the court held that the legacies which consisted of the $2,500 of life insurance payable to the executor and the cash on hand and the other personal property came into the hands of the executor and were subject to the widow's claim for her allowance, and subject to the payment of debts and the expenses of administration.

This case is not in point. The $2,500 of insurance which was payable to the executors, administrators and assigns of the insured, and which the insured bequeathed to his sister, necessarily came into the hands of the executor and under the statute was subject to the widow's allowance. But the $2,500 which by the terms of the policy was payable to the sister as beneficiary passed to her directly and did not come into the hands of the executor at all. The court said: ''The $2,500 of the proceeds of the insurance policy to which Helen O. Meyer was entitled as a beneficiary under the policy was not subject to the administration of the estate, and she was entitled to the whole thereof independently and exclusive of the administration; but the remaining $2,500, the subject of the legacy under the will . . . was subject to and burdened with the payment of the debts of decedent, the widow's allowance, and expenses of adminis-

tration as prior claims having precedence over the legacy.''

Instead of being an authority for the appellant we think this case supports the contention of the appellee. The court expressly held that that part of the proceeds of the policy which passed to the sister as the designated beneficiary under the policy was not an asset of the estate and did not go into the hands of the executor at all, but was payable directly to the sister. That is the case that we have here. Hooks, Trustee, was the designated beneficiary in the policies and was entitled to collect the proceeds thereof, and the chancellor so decreed. That is conclusive of the case, and the decree of the probate court sustaining the exceptions to the report of the commissioners and dismissing the petition for the allowance of a year's support is affirmed.

Let a decree be entered accordingly at the cost of appellant and her sureties on the appeal bond.

Senter and Anderson, JJ., concur.