EDELMAN, Respondent, v. SCANDRETT, et al, Appellants

(293 N. W. 817.)

(File No. 8339. Opinion filed September 13, 1940.)

Rehearing Denied October 22, 1940.

**Parliman & Parliman,** of Sioux Falls, for Appellant.

**Davenport & Evans,** of Sioux Falls, for Plaintiff and Respondent.

**Fuller & Campbell,** of Aberdeen, for Defendant and Respondent Henry A. Scandrett et al.

**A. F. Ulmer,** of Menno, for himself and Joe Blindert, Defendants and Respondents.

**William J. Metzger,** of Olivet, for Hutchinson County, Defendant and Respondent.

RUDOLPH, J. The only issue on this appeal is between the plaintiff, H. C. Edelman, and the defendant, J. I. Case Company, who will be referred to respectively as plaintiff and defendant. The plaintiff commenced this action to determine apparently conflicting rights in certain lands located in Hutchinson County, South Dakota, and the proceeds from the sale thereof. The defendant answered asserting rights in this land by virtue of a certain judgment which defendant had obtained against the plaintiff in May, 1932, and a levy and sale thereunder. It is the claim of the plaintiff that the judgment lien never attached to the property in question for the reason that the same constituted his homestead at all times in question, and the trial court so found. J. I. Case Company has appealed.

The facts are undisputed and are as follows: The land in dispute consists of approximately two or three acres of unplatted land in the town of Menno, South Dakota, located to the east of the right of way of the Chicago, Milwaukee, St. Paul and Pacific Railroad. Immediately west of this land and to the west of the railroad right of way there is a larger tract of approximately sixty acres of unplatted land which is owned by the plaintiff and upon which the plaintiff and his family have made their home for many years. The whole tract of land including the land east of the right of way has been used by the plaintiff as a farm. The tract west of the right of way is enclosed by a fence, but the smaller tract to the east has been used to produce alfalfa and similar crops in connection with the farming operations of the plaintiff. The buildings are located on the larger

tract west of the right of way. The value of the whole tract, including that east and west of the right of way, does not exceed the sum of five thousand dollars. In the year 1935 plaintiff wished to make a loan and entered into negotiations with the Home Owners Loan Corporation. Defendant's judgment was then of record and to satisfy certain requirements of the lending corporation, the plaintiff through his attorney served upon the J. I. Case Company a notice wherein he described the land located to the west of the railroad right of way, and claimed such land as his homestead. This notice was served under the provisions of Section 2867 R. C. 1919, and thereafter the J. I. Case Company filed a partial release of judgment wherein it released its judgment upon the land described in the notice, which had been served upon it, consisting of land west of the right of way. It also appears that in 1935 at the time plaintiff was negotiating for the loan, he owed personal property taxes to Hutchinson County, and to free this land upon which he was obtaining the loan from the apparent lien of such taxes, the plaintiff brought an action against Hutchinson County wherein he claimed that this land located west of the railroad right of way was his homestead, and as such not subject to the lien of the delinquent personal property taxes. The trial court in that action found that the land to the west of the railroad right of way constituted the homestead of the plaintiff, and the land was thereby released from any apparent lien of the taxes involved. Plaintiff then obtained a loan from the Home Owners Loan Corporation and, while there is some confusion in the description contained in the mortgage, it was apparently the intention of all parties, and the trial court so found, to include in the mortgage only the land to the west of the railroad right of way. Under these facts the appellant, J. I. Case Company, contends, first, that this smaller tract of land east of the railroad right of way constitutes no part of the plaintiff's homestead; and, second, even conceding that it might, between the plaintiff and some other party, be considered as a part of plaintiff's homestead, as against this defendant the plaintiff is estopped from so asserting.

■■ The land east of the railroad right of way being habitually and in good faith used as a part of the homestead, and the whole tract being worth less than five thousand dollars, the fact that it was separated by the railroad right of way from the tract upon which the buildings were located, does not prevent this land from being a part of the homestead. Section 458 R. C. 1919; SDC 51.1709; Farmers' & Merchants' National Bank of Milbank v. Bank of Commerce, 49 S. D. 130, 206 N. W. 691. It follows that the land both east and west of the right of way, not being within a town plat and not embracing in the aggregate more than one hundred sixty acres, (Section 459, R. C. 1919, SDC 51.1710), constituted plaintiff's homestead and was not subject to defendant's judgment, unless the plaintiff by his acts has either divested this land of its homestead character or estopped himself against this defendant from asserting a homestead right therein.

■ Quite obviously the plaintiff's actions did not constitute a selection and marking of the land west of the right of way as his homestead within the meaning of Sections 461 and 462 R. C. 1919, SDC 51.1711 and 51.1712. These sections require certain formalities, and the record discloses neither an attempt nor an intention of complying with these statutory requirements. The record indicates clearly, we believe, that plaintiff's acts went only to the extent of freeing the land west of the right of way of the apparent judgment and tax liens that he might be able to mortgage this land for the purpose of borrowing money. The fact that the owner of a homestead, who seeks to borrow money on the security of only a part of the homestead, proceeds to take the necessary steps to free this part from apparent judgment and tax liens which would attach except for the homestead character of the property, should not and in our opinion does not, constitute an abandonment as a homestead of the balance of the homestead property.

■ Appellant makes some claim that the decision of the court in the action wherein the plaintiff freed this land west of the right of way from the apparent lien of Hutchinson County for delinquent personal property taxes is res

judicata upon the question of land east of the right of way being a part of the homestead. Two elementary reasons must deny this claim. First, defendant was not a party to that action. Grace v. Ballou et al., 4 S. D. 333, 56 N. W. 1075; 34 C. J. 756. Second, whether the land east of the right of way was a part of plaintiff's homestead was not in issue in that case and not necessary to a decision. Wyman et al. v. Hallock, 4 S. D. 469, 57 N. W. 197; Noyes et al. v. Belding et al., 5 S. D. 603, 59 N. W. 1069, on rehearing, 6 S. D. 629, 62 N. W. 953; Kammann v. Barton et al., 23 S. D. 442, 122 N. W. 416.

■ Defendant further claims that plaintiff by serving upon defendant the notice wherein he claimed that the land west of the right of way constituted his homestead estopped himself from now asserting that the land east of the right of way is a part of the homestead. The notice did not state that plaintiff claimed this land constituted his entire homestead. The notice specifically set forth that plaintiff was applying for a loan from the Home Owners Loan Corporation to be secured by the described land, and that the notice was served for the purpose of asserting the homestead exemption in the described property. There was no obligation upon plaintiff to state in this notice that the described land constituted his entire homestead, and his failure to so state should not be held to have misled the defendant, especially in the absence of any showing to that effect.

The judgment and order appealed from are affirmed.

SMITH, P.J., and ROBERTS and WARREN, JJ., concur.
POLLEY, J., not sitting.