RAMSEY, Respondent, v. LAKE COUNTY, Appellant

(14 N. W.2d 125.)

(File No. 8679.   Opinion filed April 25, 1944.)

**J. H. Lammers,** of Madison, for Appellant.
**Doyle & Mahoney,** of Sioux Falls, for Respondent.

WARREN, P. J. This action was tried in the circuit court on written stipulation of facts from which it appears that respondent sought to quiet title to certain property claimed to be his homestead in the Town of Nunda, Lake County, South Dakota, from an apparent lien of the defendant for personal property taxes due to Lake County.

At the conclusion of the trial the court made findings of fact and conclusions of law and entered a judgment in favor of respondent and against appellant denying appellant's right to any title or interest, claim, or lien in and to said real property by reason of the personal property taxes claimed due and owing from the respondent; and, the said personal property taxes are not and were not at any time a lien on said real property.

The questions which we are called upon to decide are:

1. Does a county have a lien upon the homestead of a citizen and head of a family for personal property taxes due from him to the county?

2. Is it necessary for the head of a family to cause his homestead to be marked off, platted and recorded before it may be claimed exempt from forced sale under a pretended personal property tax lien?

It seems clear that the purpose of creating a homestead is to provide for the family a home in which it may have shelter from and a protection against the claims of creditors or its own improvidence and where it may live and be protected. S. D. Const. Art. XXI, § 4.

A search of the laws relating to homesteads indicates that it is of American origin. The earliest statute that we have found was enacted by the Republic of Texas in January, 1839, p. 113. Some four years later the statute found its way into and became part of the Texas constitution. Vermont followed by legislation in 1849. Pub. Acts 1849, No. 20. The various enactments reflect deep concern for the welfare of the family; also indicating that the community and the state

are interested in the maintenance of the family and the home. Families being the initial units of society become indispensable factors of civilization and the basis of the state. Upon its permanency in a community depends the success of our civic institutions of every kind.

■ The homestead of every family resident in this state, so long as it continues to possess the character of a homestead, is exempt from judicial sale, from judgment lien and from all mesne or final process from any court to the extent and as provided in SDC 1939 pertaining to homestead exemption.

■ We do not believe that the statutory provision, SDC 51.1706, which reads: "The homestead shall be liable for taxes accruing thereon, and if certified and recorded as hereinafter directed, shall be liable only for such taxes, and may be sold to pay the same", can be construed to mean that the homestead shall be liable for personal taxes if the owner fails to certify and record it according to certain other statutory provisions. In construing this provision of the statute, the legislative intention is to be determined from a consideration of the whole of the homestead act and the declaration of public policy. SDC 51.1713 discloses the legislative intent in cases such as this where according to the stipulation the homestead was actually occupied by the owner. SDC 51.1713 provides:

"If the property is not marked off, platted, and recorded as hereinbefore provided it shall not have the character or exemption rights of a homestead unless it is actually occupied as such by the owner."

■ It appears to us from the consideration of the above quoted section that the legislature did intend to grant a homestead to the actually occupying owner to be liable only for taxes accruing thereon and not liable for personal property taxes to be charged as a lien on said real property. To hold otherwise would do violence to the intent and purpose of the statutes under the facts in this case which show that the respondent actually, as the owner, occupied the homestead. It seems clear that the legislature in enacting SDC 51.1713 had in mind that SDC 51.1706 ought to be clarified. In a

recent decision of this court in passing on a certain statutory amendment, the court said:

"A change in a statute may be made to express more clearly the original intention of the legislature. We think because of the apparent purpose and intention of the legislature determined from a consideration of the entire act and the declaration of public policy that the effect of the section before amendment was to require a showing of good cause attributable to the employment and that the amendment was enacted to express more clearly such intention." John Morrell & Co. v. Unemployment Compensation Comm., S. D., 13 N. W.2d 498, 500.

The enactment of SDC 51.1713 by the legislature seems to have clarified SDC 51.1706. It dispenses with the necessity of having the actually occupying owner of a homestead selecting, marking, certifying, and recording in order to be free from personal property tax liability.

This court in a number of former holdings has favored the creation and protection of the family homestead and no citations seem necessary to again cover this field of the law.

The judgment appealed from is affirmed,

All the Judges concur.