In re SCHNEIDER'S Estate

STATE OF SOUTH DAKOTA, Appellant,
v. SCHNEIDER, et al, Respondents

(31. N. W.2d 261.)

(File No. 8929. Opinion filed February 20, 1948.)

See also 71 S. D. 618, 28 N. W.2d 567.

**Sigurd Anderson,** Atty. Gen., and **Benjamin D. Mintener,** Asst. Atty. Gen., for Appellant.

**Hooper & Herman,** of Gregory, for Respondents.

RUDOLPH, J. The state has appealed from a decree of the circuit court which determines that the state has no lien against the homestead of a person furnished old age assistance.

SDC 55.3618 provides:

"The Director of Social Security shall, upon the recipient being granted assistance under this chapter, file in the office of the register of deeds * * * a statement setting forth the name and address of the person receiving assistance under this chapter, the amount of monthly assistance grant-

ed to the recipient ˙* * * and which said statement * * * shall, from the date of filing thereof and thereafter, be and constitute a lien in favor of the State Department upon all of the property of said recipient, in the county in which the lien is filed * * *.

"If assistance to an applicant is discontinued during his lifetime, said Director is authorized to discharge such lien when the State Department has been reimbursed for all assistance paid to such recipient.

"The lien may be foreclosed in any court of competent jurisdiction. Such foreclosure shall not be commenced until one year after the discontinuance of assistance during the lifetime of the recipient or until after the death of recipient."

The facts upon which the decree was entered are stipulated and are as follows:

In the month of December 1936, Charles F. Schneider was granted and paid old age assistance which continued until his death on February 10, 1946. His wife, Bertha Schneider, was also granted and paid old age assistance commencing in December 1936 and is still receiving such assistance. At the time these payments were commenced, Charles F. Schneider was the owner of certain property in Gregory, South Dakota, which he and his wife occupied as a homestead and which did not exceed in value and extent the homestead limitations as provided by law. Following the death of Charles F. Schneider, his widow, Bertha Schneider continued and still continues to occupy the premises as her home. SDC 55.3618, above quoted, has its source in Ch. 220, Laws of 1937. As noted above, payments to the Schneiders commenced prior to the effective date of this 1937 law. After the effective date of this law, each of the Schneiders was requested to, and did, sign separate agreements as follows:

"I, the undersigned recipient of Old Age Assistance granted by the State Public Welfare Commission, under the rules and regulations adopted pursuant to Chapter 98 of the South Dakota Session Laws of 1935 in consideration of the continuance to Old Age Assistance to me by the State De-

partment of Social Security after July 1, 1937, do hereby agree to be bound by all the provisions of Chapter 220 of the South Dakota Session Laws of 1937, laws amendatory thereof, and all rules and regulations pursuant thereto.

"Dated this 25 day of September, 1937.

"(Witnessed)

"(S) Charles F. Schneider
"Recipient."

In compliance with the 1937 law the Director of the Department of Social Security filed in the office of the Register of Deeds of Gregory County the statement required by the said law upon which to predicate the lien which the law granted against the property of the recipient.

 In view of a contention made by the state we believe that at the outset we should examine SDC 55.3618. It is the contention of the state that this law should be sustained as creating a lien upon the homestead because "the processes of enforcement remain dormant until such a time as the character of the homestead ceases." It appears that in the states of Kansas, Minnesota and Iowa the laws granting a lien on the homestead for old age assistance furnished by the state specifically provide that such lien shall not be enforced against the homestead during the time the property retains its homestead character. Hawkins v. State of Kansas Social Welfare Board, 148 Kan. 760, 84 P.2d 930; Dimke v. Finke, 209 Minn. 29, 295 N. W. 75; In re Estate of Ragan (Vetter v. Griffith), 237 Iowa 619, 23 N. W.2d 521. Our law specifically provides for the foreclosure of the lien in any court of competent jurisdiction. The law is specific in fixing the time within which the processes of enforcement lie dormant, when it provides, "Such foreclosure shall not be commenced until one year after the discontinuance of assistance during the lifetime of the recipient or until after the death of recipient." The law specifically providing that the lien cannot be foreclosed until one year after the discontinuance of assistance or until after the death of the recipient, it follows by necessary implication that after the limitations of time thus prescribed have passed the lien is subject to foreclosure. If it were the

intention of the legislature to make this lien attach to the homestead, with the safeguard that such lien should not be foreclosed until the homstead character of the property ceased, as contended by the state, we believe it would have done so expressly as did the states of Minnesota, Iowa and Kansas and not have left it for this or any other court to glean such intention from language which implies a contrary intention.

In this case the lien which it is sought to establish is the result of assistance furnished to Charles F. Schneider, the husband, whose death occurred in 1946 and if the law is to be given its literal effect we perceive no reason why the alleged lien is not presently subject of enforcement, although the property is still occupied by the widow as her home. Or, presume a situation where the death of the recipient has not occurred but he has rehabilitated himself to the extent that assistance has been discontinued, we perceive no reason under the literal effect of this law why the lien could not be enforced one year after the discontinuance of assistance, although the property against which it is sought to enforce the lien continues to be occupied by the former recipient as his home. The state contends that this law and SDC 51.1716, which provides that upon the death of either the husband or wife, the survivor may continue to possess and occupy the whole homestead are in pari materia and, therefore, the provisions of SDC 51.1716 are embodied in this act. The object of the rule of pari materia is to ascertain and carry into effect the intention of the legislature. It proceeds upon the supposition that the several statutes were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. 50 Am. Jur., Statutes, § 348. This present act was not passed in furtherance of the homestead exemption laws of this state or in furtherance of the policy contained in SDC 51.1716. The present act instead of creating an exemption purports to create a lien upon property and is in derogation of SDC 51.1716, and the homestead laws generally. We cannot determine that the two acts are governed by one spirit and policy.

■■ Throughout the entire history of this court no inroads upon the homestead exemption have been recognized except such as were clearly in accord with the constitutional mandate, art. XXI, § 4, Constitution of South Dakota, and found clear expression by the legislature. The cases are collected in the Annotations SDC 51.17, to which may be added Edelman v. Scandrett et al., 67 S. D. 453, 293 N. W. 817; Home Lumber Co. v. Heckel et al., 67 S. D. 429, 293 N. W. 549; Howe et al., v. Larson et al., 68 S. D. 203, 299 N. W. 876; In re Wright's Estate (Stordahl v. Howe), 69 S. D. 475, 12 N. W.2d 9; Ramsey v. Lake County, 70 S. D. 61, 14 N. W.2d 125; Knittel v. G. Sommers & Co., 72 S. D. 5, 28 N. W.2d 878. Hence, it was held that the lien granted upon real estate for delinquent personal property taxes under the provisions of SDC 57.0701 was not intended by the legislature to create a lien against the homestead. Ramsey v. Lake County, supra. It should be noted that the language of the said SDC 57.0701 in describing the property to which the personal property tax lien attaches is general and makes no exception of homestead property, and is in all respects language and words with the same force and effect as the language and words used by the legislature in granting the lien for old age assistance furnished by the state. It follows, we believe, as held in the Lake County case, so must be our holding in this case, that the general language used by the legislature in describing the property to which the lien attaches is not sufficient to show a legislative intention to make an inroad upon the homestead exemption as contained in other provisions of our law.

■ The 1937 agreements signed by the Schneiders do nothing more than bind the signers to the provisions of Chapter 220, Laws of 1937 and amendatory laws, and obviously do not create any liens upon the homestead in the absence of any such liens being created under the law by which they agreed to be bound.

The judgment appealed from is affirmed.

All the Judges concur.