#27268-a-DG
**2015 S.D. 74**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JOHN REINTS,                                   Appellant,

   v.

PENNINGTON COUNTY,
JANET SAYLER, in her official
capacity as Pennington County
Treasurer,                                     Appellees,

      and

SOUTH DAKOTA DEPARTMENT
OF REVENUE,                                    Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE ROBERT GUSINSKY
Judge

\* \* \* \*

JOHN REINTS
Rapid City, South Dakota                       Pro se appellant.


MARK A. VARGO
Pennington County State's Attorney

KINSLEY P. GROOTE
Pennington County State's
 Attorney's Office
Rapid City, South Dakota                       Attorneys for appellees
                                               Pennington County and Janet
                                               Sayler.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 20, 2015
OPINION FILED **08/26/15**

#27268

GILBERTSON, Chief Justice

[¶1.] John Reints appeals the decision of the South Dakota Department of Revenue (the Department) affirming the decision of the Pennington County Treasurer's Office (the County) to deny his application for a prohibition on the collection of real property taxes in 2014. Reints asserts that once certain statutory requirements have been met, the County is prohibited from collecting any property taxes, including tax obligations that have already accrued. Although we do not agree with the Department's analysis, we nevertheless affirm the Department's decision on other grounds.

**Facts and Procedural History**

[¶2.] The relevant facts are not disputed. Reints turned 70 years old in March 2014. As of that time, he had owned and resided in a single-family home in Pennington County for three years, including at least eight months in 2013. Reints lived alone and had a household income of less than $16,000 in 2013.

[¶3.] In January 2014, prior to turning 70, Reints applied to the County for a prohibition on the collection of real property taxes on his dwelling. The County denied Reints's request because he had not turned 70 prior to January 1, 2014. Reints appealed to the Department, which determined that the prohibition does not apply to taxes assessed prior to the year in which the applicant reaches 70 years of age. Consequently, the Department determined Reints was not entitled to a prohibition on the collection of real property taxes assessed on his home in 2013.

[¶4.]     Reints appealed to the circuit court, which affirmed the Department's decision.  Reints now appeals to this Court, raising the following issues[1]:

> 1.     Whether a prohibition on the collection of real property taxes granted under SDCL chapter 43-31 prevents the collection of all such taxes or only a specific assessment year's tax liability.

> 2.     Whether Reints's application met the statutory criteria for receiving a prohibition on the collection of real property taxes in 2014.

**Standard of Review**

[¶5.]     We review an administrative agency's "factual findings and credibility determinations . . . under the clearly erroneous standard."  *McNeil v. Superior Siding, Inc.*, 2009 S.D. 68, ¶ 6, 771 N.W.2d 345, 347 (quoting *Kuhle v. Lecy Chiropractic*, 2006 S.D. 16, ¶ 15, 711 N.W.2d 244, 247).  "Questions of law are reviewed de novo."  *Id.* (quoting *Kuhle*, 2006 S.D. 16, ¶ 16, 711 N.W.2d at 247).

**Analysis and Decision**

[¶6.]     Before directly addressing the parties' arguments, a review of South Dakota's property tax scheme is useful to deciding this case.  Real property taxes are assessed annually, but the assessed value of a property for any given year is equal to its value on November 1 of the preceding year—e.g., a property's 2014 assessment is based on its value as of November 1, 2013.  SDCL 10-6-2.  Property taxes become payable on January 1 of the year immediately following the

---

1.     Reints states five issues in his brief.  Reints's third issue is presented here as issue one.  Reints's first and second stated issues are essentially restatements of the same issue and are subsumed in issue two presented here.  Because of our decision on the first two issues as presented, we do not reach Reints's fourth and fifth issues, which questioned whether the County could properly collect and retain real property tax payments from Reints's mortgage management company against his wishes.

assessment year. SDCL 10-21-4. Thus, a tax assessment year is preceded by its valuation year and followed by its collection year. If unpaid, one-half of the payable taxes become delinquent on May 1 of the collection year; the other half, November 1. SDCL 10-21-23. Delinquent taxes accumulate interest at a statutorily defined rate on a monthly basis. *Id.* Every December, "all lands, town lots, or other real property which shall be liable for taxes of any description for the preceding year or years, and which shall remain due and unpaid," are offered for public sale to satisfy outstanding real property tax liabilities. SDCL 10-23-7.

[¶7.] However, this State has long recognized the need for protecting a family home from creditors. Article XXI, § 4, of the South Dakota Constitution requires:

> The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

The homestead exemption, which is codified in SDCL chapter 43-31, carries out this purpose of "provid[ing] for the family a home in which it may have shelter from and a protection against the claims of creditors or its own improvidence and where it may live and be protected." *Ramsey v. Lake Cty.*, 70 S.D. 61, 62, 14 N.W.2d 125, 126 (1944). Once established, "a homestead is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided by statute." SDCL 43-31-1. A homestead is liable only "for taxes accruing thereon[.]" SDCL 43-31-29. Even so, a homestead worth less than $170,000 and owned by a person 70 years of age or older "is exempt from sale for

taxes for so long as it continues to possess the character of a homestead." SDCL 43-31-1.

[¶8.]    Additionally, the homestead exemption affords relief to qualifying individuals, from year to year, by prohibiting "the collection of real property taxes upon the person's single-family dwelling[.]" SDCL 43-31-32. Property taxes that are not collected because of this prohibition are not considered delinquent. SDCL 43-31-39. However, such taxes "become a lien on the property for which such taxes are imposed[,]" SDCL 43-31-38, up to an amount equal to the property's value, SDCL 43-31-40. An applicant can qualify for the homestead exemption's prohibition on the collection of real property taxes if the person:

> (1) Has owned a single-family dwelling, in fee or by contract to purchase, for at least three years, or has been a resident of South Dakota for at least five years;
>
> (2) Has resided for at least eight months of the previous calendar year in the single-family dwelling;
>
> (3) Has established a base year;
>
> (4) Has a household income as defined in § 10-6A-1 of less than sixteen thousand dollars if the household is a single-member household; and
>
> (5) Has a household income as defined in § 10-6A-1 of less than twenty thousand dollars if the household is a multiple-member household.

SDCL 43-31-32. "For those heads of households who reach seventy years of age subsequent to 1994, the base year is the year in which they reach the age of seventy."[2] SDCL 43-31-31(1). An applicant must reapply "annually on or before May first[.]" SDCL 43-31-33.

---

2.    The base year for "heads of households who reached seventy years of age in or prior to 1994 . . . is 1994." SDCL 43-31-31(1).

-4-

#27268

[¶9.]     1.     *Whether a prohibition on the collection of real property taxes granted under SDCL chapter 43-31 prevents the collection of all such taxes or only a specific assessment year's tax liability.*

[¶10.]     We now turn to the parties' arguments.  It is undisputed that Reints submitted his application in January 2014.  It is also undisputed that Reints turned 70 prior to May 1, 2014, and otherwise met the application criteria.  Thus, Reints asserts he established a base year in 2014 and, therefore, was entitled to a prohibition on the collection of any real property taxes payable as of January 2014, regardless of when a particular tax liability was assessed.  In contrast, the County asserts Reints's January 2014 application was for a prohibition only on the collection of real property taxes assessed in 2014 and payable in 2015.  According to the County, "SDCL 43-31-31 to 43-31-41 and other statutes relating to taxation reveal that the homestead exemption prohibits the collection of property taxes *assessed* while someone is seventy, but *payable* the year after the person turns seventy."  Thus, according to the County, "[t]he question presented upon appeal is whether a person who turns seventy years old in 2014 is entitled to a homestead exemption for 2013 taxes that are payable in 2014."  Because we conclude that a prohibition is effective against *all* real property taxes previously assessed, we disagree with the County's statement of the issue.

[¶11.]     We are unable to find any support in chapter 43-31 for the proposition that a prohibition, if granted, is effective only against taxes assessed in a specific year.  Notably, chapter 43-31 does not halt the normal tax assessment process; even if an individual is granted a prohibition, taxes are still assessed on that individual's

-5-

property.  Rather, the prohibition available under chapter 43-31 is on the "*collection of real property taxes upon the person's single-family dwelling*[.]"  SDCL 43-31-32 (emphasis added).  "Words and phrases in a statute must be given their plain meaning and effect."  *Peters v. Great W. Bank, Inc.*, 2015 S.D. 4, ¶ 7, 859 N.W.2d 618, 621 (quoting *City of Rapid City v. Estes*, 2011 S.D. 75, ¶ 12, 805 N.W.2d 714, 718).  The word *collect* means "[t]o call for and obtain payment of[.]"  *The American Heritage College Dictionary* 274 (3d ed. 1997).  Thus, a prohibition granted under SDCL 43-31-32 prevents a county from calling for and obtaining payment of real property taxes.

[¶12.]       We see nothing in SDCL 43-31-32 or the rest of chapter 43-31 that differentiates taxes assessed in different years or that suggests a granted prohibition would be effective against only a subset of an individual's total tax liability.  Any such narrow interpretation would run contrary to this Court's history of "jealously and assiduously protect[ing] the homestead exemptions guaranteed by our constitution and statutes."  *See Speck v. Anderson*, 318 N.W.2d 339, 343 (S.D. 1982).  Rather, a prohibition granted under chapter 43-31 fundamentally operates as a restraint on a county's ability to collect property taxes; it does not individually shield a discrete packet of tax liability—e.g., a single assessment year—from collection.  Consequently, Reints is correct: because a prohibition on the collection of real property taxes, once granted, restrains the County from collecting *any* real property taxes assessed on the applicant's single-family dwelling, the applicant is protected from the collection of *all* previously assessed real property taxes, regardless of assessment date.

[¶13.]    Nevertheless, the County argues that the larger tax scheme suggests an applicant must submit an application for prohibition prior to the collection year itself.  As explained above, *see supra* ¶¶ 6-8, property taxes assessed for a given year do not become due until the following year—i.e., the collection year.  SDCL 10-21-4 ("Except as provided in § 10-9-10, all taxes shall become due on the first day of January of each year next following assessment, levy, or extension of the taxes . . . .").  If unpaid, one-half of the amount due becomes delinquent on May 1; the other half, November 1.  SDCL 10-21-23.  Yet, SDCL 43-31-33 requires that "[a]pplications for a prohibition on the collections of real property taxes under §§ 43-31-31 to 43-31-41, inclusive, shall be made annually *on or before* May first on forms prescribed by the secretary of revenue."  (Emphasis added.)  Because May 1 is simultaneously the last day to submit an application and the first day of delinquency, an individual who applies on May 1 of the collection year will already have become delinquent by the time the application is submitted.  The County argues that this result is "absurd and unreasonable."

[¶14.]    We disagree that delinquency is the benchmark of absurdity.  First, as noted above, any homestead worth less than $170,000 and owned by a person 70 years of age or more "is exempt from sale for taxes[.]"  SDCL 43-31-1.  This protection is necessarily beneficial only to those with delinquent real property tax liability.  Because SDCL 43-31-32 requires the applicant to have reached 70 years of age, any applicant that would qualify for a prohibition on the collection of real property taxes would also meet the age requirement for the tax-sale exemption.

Consequently, even under the County's interpretation of SDCL 43-31-32, chapter 43-31 is still structured so as to permit delinquency under certain circumstances.

[¶15.]      As for a homestead worth $170,000 or more, an applicant initially denied a requested prohibition is not without recourse. SDCL 43-31-36 provides:

> Any person aggrieved by the denial in whole or in part of relief claimed under the provisions of §§ 43-31-31 to 43-31-41, inclusive, may, within thirty days after receiving notice of such denial by the county treasurer, demand and shall receive a hearing, upon notice, before the secretary on the question. The hearing shall be conducted and appeals allowed in the manner specified in chapter 1-26.

Under SDCL chapter 1-26, the applicant may seek a stay of the contested agency decision. SDCL 1-26-32.[3] As occurred in the present case, the circuit court may stay further action against the subject homestead while the agency decision is appealed.[4] Thus, it seems the Legislature has prescribed a solution for a situation in which an applicant's real property taxes become delinquent during the appeal of a county's denial of an application for a prohibition on the collection of those taxes.

---

3.      SDCL 1-26-32 provides:

> Any agency decision in a contested case is effective ten days after the date of receipt or failure to accept delivery of the decision by the parties. An application to the circuit court for a stay of the agency's decision may be made only within ten days of the date of receipt or failure to accept delivery of the agency's decision. Upon receiving a timely application for a stay and notice of hearing thereon, the court may enter a temporary stay pending a hearing on the application. Following a hearing, the court may order a further stay, pending final decision of the court.

4.      The circuit court issued a stay prohibiting the County from considering Reints's taxes delinquent, publishing Reints's name in the list of delinquent taxpayers, or selling a tax certificate on Reints's property during the annual sale.

Where the Legislature has anticipated and provided for such an eventuality, it is difficult to conclude that the occurrence of the same is absurd or unreasonable.

[¶16.]    To the extent that the County's absurdity argument is based on guidance received from the Department, this argument is also undermined by the Department's treatment of identically worded timing statutes. SDCL chapter 10-18A provides guidelines for the issuance of property tax refunds for aged and disabled persons. "Any [qualifying] person making application under the provisions of . . . chapter [10-18A] shall be entitled to a refund of the real property taxes *due or paid* on his single-family dwelling . . . ." SDCL 10-18A-2 (emphasis added). Similarly, SDCL chapter 10-45A provides guidelines for the issuance of retail sales and service tax refunds for aged and disabled persons. "Any [qualifying] person . . . shall be reimbursed and repaid as a refund for retail sales and service taxes paid . . . ." SDCL 10-45A-2. Like the timing requirement of SDCL 43-31-33, "[c]laims for refund of real property taxes under . . . chapter [10-18A] shall be made annually on or before July first upon forms prescribed by the secretary of revenue[,]" SDCL 10-18A-7, and "[c]laims for refund under § 10-45A-2 shall be made annually on or before July first upon forms prescribed by the secretary of revenue[,]" SDCL 10-45A-8. Neither SDCL 10-18A-7 nor SDCL 10-45A-8 indicates whether the application is submitted in the assessment year or the collection year. Unlike chapter 43-31, however, the Legislature empowered the Department to promulgate rules in order to implement chapters 10-18A and 10-45A. SDCL 10-18A-15, -45A-16.

[¶17.]     The timing rules promulgated by the Department stand in stark contrast to the County's position in this case. Based on its reading of SDCL 10-18A-7, the Department has concluded that it "shall accept claims for [property tax] refund no earlier than January 1 *of the year following the claimant's tax year.* All claims for refund must be filed no later than July 1 *next following the claimant's tax year.*" ARSD 64:47:02:02 (emphasis added). *See also* ARSD 64:47:02:01 ("Any refund under SDCL 10-18A shall be based upon real property taxes levied to the claimant during the previous year."). A "tax year" is "the year in which real property is *assessed* and the taxes levied thereon." SDCL 10-18A-1(9) (emphasis added). Similarly, based on its reading of SDCL 10-45A-8, the Department has also concluded that it "will accept claims for [sales tax] refunds no earlier than January 1, *of the year following the claimant's tax year.* All claims for refund must be filed no later than May 1, *next following the claimant's tax year.*" ARSD 64:47:01:03 (emphasis added).[5] Thus, while the County argues that an application for a tax prohibition must be submitted in the *assessment* year, the Department's regulations require an application for a tax refund be submitted in the *collection* year. Because the first half of real property taxes become delinquent on May 1, an individual seeking a tax refund has two months to be delinquent prior to the application deadline of July 1,[6] whereas an individual seeking a tax prohibition has only one

---

5.     Although ARSD 64:47:01:03 imposes a deadline of May 1, SDCL 10-45A-8 requires applications be made on or before July 1.

6.     Additionally, SDCL 10-18A-7 provides in part: "In case of sickness, absence, or other disability of the claimant, or if other good cause exists, the secretary may extend for a period not to exceed six months the time for filing a claim."

(continued . . . )

day in which to apply after becoming delinquent. Therefore, the Department's own reading of two other identically worded timing statutes potentially results in a substantially longer period of delinquency than that enabled by our reading of SDCL 43-31-32.

[¶18.]     The County's position also suffers from another problem. As noted above, we hold that the plain language of chapter 43-31 restrains the County from collecting *any* real property taxes assessed on a qualified applicant's single-family dwelling, rather than just a particular assessment year's tax liability. *See supra* ¶ 12. Even if we were to resort to statutory interpretation, however, the County's view of chapter 43-31 runs contrary to apparent legislative intent. The prohibition requires ownership of the home for three years or residency in South Dakota for five years, as well as residence in the particular dwelling for which the prohibition is sought for eight months or more of the calendar year immediately preceding the year of application. SDCL 43-31-32(1) to -32(2). Under the County's approach, however, the economic relief of the prohibition would not be effective until the year immediately following the year of application. Consequently, under this theory, a 2014 applicant could enjoy the economic protection of the prohibition in 2015 even without *dwelling* in the home since September 1, 2013 (assuming the applicant resided in the home from January through August of 2013). If the applicant returned to dwell in the home in 2015, he would be denied a prohibition on the

_____

(. . . continued)

> Because such a refund may be obtained for "property taxes *due* or paid[,]" SDCL 10-18A-2 (emphasis added), the possibility exists for an individual to apply for a refund eight months after becoming delinquent.

collection of taxes in 2016 even if he otherwise met the statutory requirements (because he did not dwell in the home for at least eight months in 2014). Thus, the County's interpretation has the potential to frustrate the Legislature's dwelling requirement in two ways: (1) by affording economic relief to an applicant in a year in which the applicant does not actually dwell in the home; and (2) by consequently denying economic relief in the following year to an otherwise qualified applicant.

[¶19.]     The County's interpretation causes a similar problem with the prohibition's income restrictions. The income maximums expressed in SDCL 43-31-32(4) and -32(5) are based on a household income calculated according to SDCL 10-6A-1. Household income consists of all income received by members of the household in the calendar year immediately preceding the year of application. SDCL 10-6A-1(6). Under the County's interpretation, an applicant with an income of less than $16,000 in 2013 could qualify for a prohibition against the collection of taxes in 2015 even if that applicant subsequently earned more than $16,000 in 2014 (because, under the County's theory, an application submitted in 2014 is effective in 2015 but uses the applicant's 2013 financial information). Such an applicant would then be unable to qualify for the prohibition in 2016, even if the applicant's income dropped below $16,000 in 2015 (because his 2014 income was greater than $16,000). Thus, as with the dwelling requirement, the County's interpretation has the potential to frustrate the Legislature's intent by divorcing the grant of a prohibition from the applicant's *concurrent* economic need.

[¶20.]     The plain language of chapter 43-31 indicates a prohibition, once granted, restrains a county from collecting any real property taxes on the

applicant's single-family dwelling. This reading is not absurd or unreasonable merely because an applicant's real property taxes might become delinquent prior to the granting of a prohibition under chapter 43-31. Thus, we now turn to the question of whether Reints was a qualified applicant under SDCL 43-31-32.

[¶21.]      *2.      Whether Reints's application met the statutory criteria for receiving a prohibition on the collection of real property taxes in 2014.*

[¶22.]      Reints asserts that, under the plain language of SDCL 43-31-31(1), "one establishes a base year by submitting as part of one's application proof that one's 70th birthday occurs during (or before) the same year as the year of the application." Thus, according to Reints, SDCL 43-31-32(3) "establishes a statutory age requirement in such way that an applicant is first eligible for the exemption during the year of his or her 70th birthday." The plain language of SDCL 43-31-31(1) does not support this assertion. "For those heads of households *who reach seventy years of age* subsequent to 1994, the base year is the year in which they reach the age of seventy." SDCL 43-31-31(1) (emphasis added). Noticeably, the statute does not say "the base year is the year in which they *will* reach the age of seventy." Thus, an applicant establishes a base year only *after* he actually reaches the age of 70. Reints undisputedly submitted his application in January 2014, prior to turning 70 in March 2014. Consequently, Reints's application was facially defective because he had not established a base year at the time he submitted his application.

## Conclusion

[¶23.]      "Throughout the entire history of this court no inroads upon the homestead exemption have been recognized except such as were clearly in accord

with [South Dakota's] constitutional mandate and found clear expression by the legislature." *In re Schneider's Estate*, 72 S.D. 174, 179, 31 N.W.2d 261, 264 (1948) (citation omitted). The prohibition offered by SDCL chapter 43-31 is intended to provide tax relief for low-income applicants who have reached the age of 70 by deferring property taxes on their actual dwellings. The County's view that a prohibition shields only a specific assessment year of tax liability from collection is inconsistent with this intent and contrary to the plain meaning of SDCL chapter 43-31. Once a prohibition is granted, a county is restrained from collecting any real property taxes on the applicant's single-family dwelling, regardless of when those taxes were assessed. Nevertheless, an applicant cannot establish a base year until he actually reaches the age of 70. Because Reints was only 69 years old when he submitted his application, he had not established a base year as required by SDCL 43-31-32. Therefore, while the County's reason for denying Reints's application—and the Department's basis for upholding that decision—was faulty, the result was correct. Consequently, we affirm.

[¶24.]     ZINTER, SEVERSON, WILBUR, and KERN, Justices, concur.